## McEvoy *vs.* Hussey, president, etc.

1. The president of a corporation cannot maintain a possessory warrant in his own name to recover possession of corporate property of which he has had no prior possession either as an officer or an individual. In the present case, the corporation is not a party to the proceeding, and though the plaintiff in the warrant was president of the corporation, and described himself as such, the judgment awarding posession to him was erroneous.
2. Where a corporation, not the officer representing it, is the complaining party, the affidavit made to obtain the warrant must negative the consent of the corporation (not the consent of the officer) to the disappearance of the property, and allege that the corporation does in good faith claim, etc.

Possessory warrant. Corporation. Before Judge TOMP-KINS. Chatham Superior Court. October Adjourned Term, 1878.

This case arose upon the following affidavit :

"STATE OF GEORGIA—Chatham County.

"To any lawful constable to execute and return.

Personally came William Hussey, President of. the St. Patrick's Total Abstinence and Beneficial Society, incorporated under the laws of this state, who on oath says, that on the 19th day of May, 1878, 1 minute-book, 1 roll-book, 1 receipt-book, 1 voucher-book, 1 lot of voucher papers, 1 desk, 1 key, 1 secretary's regalia, 1 lot of letters and 1 lot of papers, having been recently in the quiet, peaceable and legally acquired possession of said society, was taken and carried away

from the possession of said society, without *his* consent, by fraud, violence, seduction and other means, and, as deponent believes, has been harbored, received or taken possession of by H. J. McEvoy, of said county, under some pretended claim or claims, without lawful warrant or authority, and *deponent bona fide* claims a title to, and possession of, said property above described. Sworn to and subscribed before me this 23d day of May, 1878.

WILLIAM HUSSEY, St Patrick's T. A. & B. Society.

ROBERT J. WADE, J. P.

A possessory warrant was issued and the property seized. The evidence developed, in brief, the following facts:

Hussey and McEvoy both claimed to be officers of the St. Patrick's Total Abstinence and Beneficial Society, a chartered body duly incorporated under the laws of Georgia. There was a schism in the body which divided it into about two equal parts. Hussey's election as president had been attacked, and he was kept out of the enjoyment of his office for more than one month, and was re-instated through *quo warranto* proceedings instituted against Father Cafferty, a Catholic priest, who then was acting as president. Having been reinstated he appointed one Hayes secretary, who demanded the books, papers, and other property belonging to the office from McEvoy, the former secretary. Hussey and his party claimed that the latter was no longer secretary, having been expelled from the society for causes unnecessary to be set forth. McEvoy had been in the quiet and peaceable possession of the property in controversy for years, as secretary. He still claimed to hold such office, denied the validity of his expulsion, and denied the authority of Hussey to appoint a secretary.

There was no evidence to show that Hussey had ever been in possession of the property in controversy.

The magistrate awarded "possession of the property claimed to William Hussey, the plaintiff in this case, and the president of said society, with costs of court against the defendant." On *certiorari* this judgment was affirmed by the superior court, and to this affirmance McEvoy excepted.

V 64—20

R. R. RICHARDS; FOLEY & FOLEY, by brief, for plaintiff in error.

RUFUS E. LESTER, for defendant.

BLECKLEY, Justice.

In this case a possessory warrant was issued upon an affidavit made by Hussey as president of the St. Patrick's Association, a corporation. Looking to that affidavit for the purpose of determining who was the party complainant, we are of opinion that the corporation was not a party. Certainly the corporation is no party to the writ of error in this court. The case here is McEvoy *vs*. Hussey, describing him as president of the corporation, but the corporation is no party, and, we think, was not a party to the possessory warrant.

The affidavit made by Hussey is signed by him as president, and it describes him in the body of it as president of the corporation. It alleges that the corporation had possession of certain books, office furniture, files, and regalia of the secretary. It does not allege that Hussey ever had possession of these articles in any capacity, but that the corporation had a quiet, peaceable and legally acquired possession, and that the chattels disappeared without his, deponent's, consent, and that he in good faith claims a title to, and the possession of, the property. There is no allegation that the chattels disappeared without the consent of the corporation, or that the corporation claims any right to them whatever; so that we come to the conclusion that the writ of error properly presents the parties; that is, that it is a case between McEvoy and Hussey, was so originally, and that the corporation never was a party to the possessory warrant.

One of the objections made before the magistrate who issued and heard the warrant, was that the evidence did not make out any right in Hussey, as president, to get posses-

sion of this property, or to have possession of it. That, with various other questions, was made ; and that question, we think, was decisive of this case.

On this warrant, under the evidence, there could be no award of possession to Hussey himself, nor to the society either, and therefore, we think, the magistrate erred, and that the *certiorari* ought to have been sustained upon that ground without reference to any other. The party that had had possession (Hussey had never had it) was not before the court, and is not here.

2. The 4032d section of the Code reads as follows :

Upon complaint being made on oath by the party injured, his agent or attorney in fact, or at law, to any judge of the superior, judge of the county court, or justice of the peace of the county in which the property in controversy may be, that any personal chattel has been taken, enticed, or carried away, either by fraud, violence, seduction or other means, from the possession of the party complaining, or that such personal chattel, having recently been in the quiet, peaceable and legally acquired possession of such complaining party, has disappeared without his consent, and, as he believes, has been received or taken possession of by the party complained against, under some pretended claim, and without lawful warrant or authority, and that the party complaining does in good faith claim a title to or interest in the personal chattel, or the possession thereof, it shall be the duty of such judge or justice to issue a warrant, as well for the apprehension of the party against whom the complaint is made as for the seizure of the property in controversy, which warrant shall be directed to the sheriff, his deputy, or any lawful constable of the county aforesaid.

A comparison of the affidavit made by Hussey with the terms of the affidavit here laid down will show that what we have ruled above cannot be otherwise than correct.

Judgment reversed.