## THOMAS V. TIERNEY *vs.* AUGUST CORREIA ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 2d—decided June 27th, 1935.

142

*Howard F. Landon* and *J. Clinton Roraback,* for the appellant (plaintiff).

*Jacob Schwolsky,* for the appellants (defendants D. Maselli & Son, Inc., and Correia).

*Olcott D. Smith,* with whom, on the brief, was *Joseph F. Berry,* for the appellee (defendant town of Canton).

BANKS, J. Plaintiff was an occupant of an automobile which came into collision in the town of Canton with a truck owned by the defendant D. Maselli & Son, Inc. (hereinafter referred to as Maselli), and driven by the defendant Correia. The defendant town of Canton was engaged in the construction of a highway, and the truck with which plaintiff's car collided was being used in that work. Upon these appeals it appears not to be questioned that the jury could reasonably have found that plaintiff's injuries were caused by the negligence of the defendant Correia, the driver of the truck. A contested issue upon the trial was whether Maselli or the town was responsible for Correia's negligence in the operation of the truck. The trial court directed the jury to bring in a verdict in favor of the town, holding that it could not be held responsible for Correia's negligence for two reasons, first, because, as it ruled, Maselli was an independent contractor for the negligence of whose employee the town was not liable, and second, because, in the construction of this road, the town was engaged in the performance of a governmental function. The plaintiff's appeal is from this action of the trial court.

The jury could reasonably have found the following relevant facts: During the summer and fall of 1932 the town of Canton was engaged in constructing and improving a public highway, under the provisions of the so-called Dirt Roads Act, General Statutes, Cum. Sup. 1931, Chap. 79, §§ 258a to 264a, inclusive. The work was being done by the town under a contract between it and the State of Connecticut by the state highway commissioner, executed August 12th, 1932, by the terms of which the town agreed to do the work specified therein for the construction of about two miles of road at certain unit prices. The town contracted with Maselli as a subcontractor to do certain excavating of earth and rock necessary in the construction of the road, at certain unit prices. This work was completed on October 17th, 1932. The town then hired from Maselli a truck and driver for work upon the construction of the road which was not then completed. It was this truck and driver which were involved in the accident which took place on October 28th, 1932. The town claimed that Maselli's job was not finished at the time of the accident, and that, since his contract was to do certain specified work at a fixed price, he was an independent contractor for the negligence of whose employees the town was not responsible. *Welz* v. *Manzillo,* 113 Conn. 674, 680, 155 Atl. 841; *Pribulo* v. *Chiarelli,* 114 Conn. 32, 157 Atl. 420. The trial court apparently adopted this view of the situation in its direction of a verdict in favor of the town. There was, however, evidence from which the jury could have found that Maselli's contract with the town had been completed on October 17th. Since this was prior to the date of the accident, the court was not justified in directing a verdict for the town upon the ground that the accident resulted from the negligence of an employee of Maselli while he was performing the

work under his contract with the town as an independent contractor.

It was the claim of the plaintiff and of the defendant Maselli that Correia, though in the general employment of Maselli, was, at the time of the accident, an employee loaned to the town which was consequently responsible for his conduct. The town contends that even if the jury might have found that Maselli had completed his contract prior to the date of the accident and was not then operating as an independent contractor, there was no evidence from which it could find that Correia was a loaned employee, and that therefore the court was justified in directing a verdict in its favor for that reason. With reference to this claim the jury could reasonably have found the following facts: After Maselli had completed his excavating contract with the town the latter hired from him a truck and driver to be used in its road construction work for the agreed price of $2 an hour. The driver was in the general employment of Maselli who paid his wages while the truck was being used by the town, principally for the carting of gravel. The town paid for the gasoline and oil used in operating the truck. The driver reported to the selectman of the town in charge of the road construction work who told him where to get the gravel and where to take it. This selectman sometimes rode on the truck. He told the driver what to do, and had general supervision and control of his work.

The master is held responsible for the conduct of his servant within the scope of his employment because it is the master's business upon which the servant is engaged, and it is carried on under the master's direction and control. When one hires from another an instrumentality to be operated by one who is in the latter's general employment, the question arises as to

who is responsible for the conduct of the operator. That person is responsible in whose business the operator was engaged at the time his conduct comes into question. He is in the general employment of the owner of the machine, but is engaged in performing the work for which the machine was hired. The question is whether the business upon which he is engaged is that of his general employer or that of the hirer of the machine. That is determined by the extent of the control which the person whose work is being done had over him, whether he had control merely for the purpose of accomplishing the result intended, or had complete control over him as to all he did in the operation of the machine. If the former, the operator of the machine is engaged in the business of his general employer; if the latter, in that of the hirer of the machine. " 'The test is whether, in the particular service he is engaged to perform, he continues liable to the direction and control of his master or becomes subject to that of the party to whom he is lent or hired.' " *Scribner's Case,* 231 Mass. 132, 134, 120 N. E. 350; *Parsons* v. *Daly & Sons,* 114 Conn. 143, 149, 158 Atl. 216. In the case where a liveryman furnishes a carriage with horses and a driver, or an automobile and a chauffeur, and the only control exercised by the hirer is in directing where he wishes to be driven, it has been generally held that, in the absence of a specific direction which brings about the negligent act, the hirer is not responsible for such act of the driver, who remains the servant of the owner of the vehicle, and engaged in his business, which is that of renting such conveyance. *Standard Oil Co.* v. *Anderson,* 212 U. S. 215, 221, 29 Sup. Ct. 252; *Shepard* v. *Jacobs,* 204 Mass. 110, 90 N. E. 392.

When, however, an instrumentality, such as the truck here involved, is hired with an operator for use

in some work undertaken by the hirer, who is in charge of the work and directs how it shall be carried on, the question whether the operator is subject to the direction and control of the owner or of the hirer of the truck is ordinarily one of fact to be determined from all the circumstances of the particular case. "Ordinarily no one fact is decisive. The payment of wages; the right to hire or discharge; the right to direct the servant where to go, and what to do; the custody or ownership of the tools or appliances he may use in his work; the business in which the master is engaged or that of him said to be the special employer; none of these things give us an infallible test. At times any or all of them may be considered. The question remains: In whose business was the servant engaged at the time." *Braxton* v. *Mendelson*, 233 N. Y. 122, 124, 135 N. E. 198. Though the governing principle is well settled, we find different courts and juries reaching opposite conclusions upon similiar facts. Numerous decisions, many of them involving the hiring of trucks under circumstances not dissimilar to those here present, will be found in annotations in 8 A. L. R. 484, and 42 A. L. R. 1416. The conclusion of the annotator is that no general classification of the cases can be made, and that ordinarily the determination of the relation of master and servant is a question for the jury upon proper instruction by the court. 42 A. L. R. 1418.

The question of the status of a "loaned employee" has been before us recently in the cases of *Parsons* v. *Daly & Sons,* supra, and *Massolini* v. *Driscoll,* 114 Conn. 546, 159 Atl. 480, both decided under the Workmen's Compensation Act. In the *Parsons* case the plaintiff was loaned by his general employer to the Worden Company to do work in connection with the installation of a refrigerating plant under its direction, and we held that, under the circumstances there pres-

ent, he was an employee loaned to that company. In the *Massolini* case the owner of a team of horses rented them, with a driver, to the city of Hartford for the collection of ashes, and we sustained a finding of the compensation commissioner that the city had no control or right to control the management of the team, and that the driver was not an employee loaned to the city. *Tortorici* v. *Moosop, Inc.*, 107 Conn. 143, 139 Atl. 642, upon which the town relies, did not involve the status of a loaned employee, but the question whether the plaintiff's decedent was an employee or an independent contractor. We there said (p. 146) that "the independent contractor contracts to produce a given result by methods under his own control, while the employee contracts to produce a given result subject to the lawful orders and control of the employer in the means and methods used." It will be noted that the test does not differ materially from that employed to determine whether or not one is a loaned employee. In that case we held as a matter of law that plaintiff's intestate was an independent contractor since the control exercised by the defendant related merely to the work to be done and not to the means and method of doing it.

Here there was evidence from which the jury might have found that the officials of the town who had charge of the road construction work exercised direction and control, not merely of the work to be done but also of the methods and means of doing it. Whether, therefore, the test is that to be applied in determining the status of an employee of an independent contractor or that of a loaned employee, the question of the extent to which Correia, in the operation of the truck, was subject to the direction and control of the town officials, depended upon the adoption of one or more varying but nevertheless legitimate inferences which

the jury might draw from all the relevant evidence, and therefore should have been submitted to them as a question of fact under proper instructions by the court.

Nor was the direction of the verdict in favor of the town justified upon the ground that the latter, in the construction of this road, was engaged in the performance of a governmental function. Section 1411 of the General Statutes provides that "towns shall, within their respective limits, build and repair all necessary highways and bridges," and ordinarily in constructing and repairing such highways the town is engaged in the performance of a governmental act. *Colwell* v. *Waterbury*, 74 Conn. 568, 573, 51 Atl. 530. But the town was not constructing this road in the performance of its duty under this provision of the statutes. General Statutes, Cum. Sup. 1931, §§ 258a and 259a, provide for the allotment of certain funds among the towns of the State to be used under the supervision of the highway commissioner for the construction of highways. Section 263a provides that any town may vote to use the funds so allotted to it in any manner permitted by statute for the use of state aid funds for highways or bridges. Section 262a provides that the provisions of the General Statutes concerning trunk line and state aid highways shall be construed to be a part of these sections so far as they are not inconsistent therewith, except that no town shall be required to pay any of the cost of such improvement unless it has so voted. General Statutes, § 1494, provides that when any town shall have declared its intention to build a road under the provisions of the chapter of the statutes relating to trunk line and state aid highways, the highway commissioner shall select the highway to be built, make the necessary surveys, and provide for the awarding of any contract in the same

manner as if such state aid road were a trunk line road. Section 1506 provides that the highway commissioner may call for bids to construct sections of state aid highways, shall award the contract to the lowest responsible bidder, and that "the board of selectmen of any town, in behalf of such town, if such work is to be paid for in whole or in part from state aid funds, may submit its bid to the highway commissioner in common with other contractors in like manner and with the same conditions."

The town of Canton voted that the amount allotted to it under § 259a be used in the manner permitted by the statute for the use of state aid roads in the construction of this section of road, and that the selectmen be instructed to make an agreement with the highway commissioner accordingly. The town thereupon executed a contract with the highway commissioner in which it agreed to furnish all the material and perform all the work necessary for the construction of this section of the road, about two miles in length, at certain unit prices. The town sublet portions of the work to Maselli at unit prices substantially less than those which the State had contracted to pay, there being evidence—that of the first selectman of the town—that it paid Maselli twenty-five cents a cubic yard for excavation for which the State paid it thirty cents, and one dollar a cubic yard for rock excavation for which the State paid it a dollar and a quarter. The selectman also testified that it would pay the town to take the contract from the State for the construction of this section of the road and sublet part of it, and that the town would benefit by giving work to people who would otherwise have to be supported by the town. Whether the town actually made or lost money under its contract with the State is not of legal significance. It built the road as a contractor with the State, which

furnished the money, and the jury could reasonably have found that it entered into the contract for its special corporate benefit and pecuniary profit, thereby depriving it of the right to claim the benefit of governmental immunity. *Carta* v. *Norwalk,* 108 Conn. 697, 145 Atl. 158; *Hourigan* v. *Norwich,* 77 Conn. 358, 59 Atl. 487.

The defendant D. Maselli & Son, Inc., appeals from the denial of its motion to set aside the verdict upon the ground that there was neither allegation nor proof that it was responsible for the negligence of Correia. In the second paragraph of the complaint it is alleged that Correia was loaned by Maselli to the town to operate the truck, and at the time of the accident was employed by the town, and was under the personal direction and control of the first selectman of the town. The complaint also alleges, however, that Correia was the servant of Maselli, and was operating the truck within the scope of his employment, and that the injuries of the plaintiff were caused by the negligence of Maselli in that the truck was operated by Correia within the scope of his employment in the negligent manner described therein. The complaint alleges facts appropriate to a recovery against either Maselli or the town as the fact might be found with regard to the employment of Correia at the time of the accident. The complaint contains no claim for alternative relief based upon an alternative construction of the plaintiff's cause of action. Practice Book, § 38. The pleading is defective as a complaint claiming such relief, but its allegations are sufficient, after a trial without objection, to justify a recovery against either defendant. The claim that there was no proof that Maselli was responsible for Correia's negligence is disposed of by our statement, in the discussion of the plaintiff's ap-

peal, that the question of Correia's employment was one of fact for the jury.

The principal contested issue in this case was whether Correia, in the operation of the truck, was acting as the servant of Maselli or of the town of Canton. It was undisputed that he was the employee of one or the other. In directing the jury to bring in a verdict in favor of the town, the trial court ruled that, as a matter of law, he was at the time an employee of Maselli, an independent contractor. This was equivalent to a direction to the jury to bring in a verdict against the latter if they found that Correia's negligence was the proximate cause of the plaintiff's injuries. Maselli appeals from that portion of the charge in which the jury were told that the town could not be held liable for the negligence of Correia, since he was an employee of Maselli who was doing the work as an independent contractor. Since this left Maselli responsible for Correia's negligence, although the jury under proper instructions might have found that Correia was not at the time engaged upon his business, Maselli, as well as the plaintiff, is entitled to a new trial.

The complaint alleged that the plaintiff was a passenger in the car which was being operated by Winnie C. Tierney. The defendants offered proof that after the accident the plaintiff was found behind the wheel of the car and claimed that he was the driver of the car. They assign error in the charge of the court which was, in effect, that, whichever one was driving, recovery might be had provided the plaintiff established freedom from negligence on his or her part essentially contributing to his injuries, and claimed that the court should have charged that if they found that the plaintiff was the driver of the car he could not recover on the ground of variance. The charge was correct. The

identity of the driver of the car did not create a different cause of action if found other than as alleged; it was an incidental element affecting only the chargeability of the one found not to have been driving for the negligence, if any, of the other, and proof that the other was driving would not constitute a material variance.

There is no error upon the appeal of Correia; there is error upon the appeals of the plaintiff and the defendant Maselli, and a new trial is ordered as to them.

In this opinion the other judges concurred.