WILLIAM J. BOURGET
vs.
OVERHEAD DOOR COMPANY OF NEW YORK, INC.

Superior Court    New Haven County    File #47956

Present:  Hon. EDWIN C. DICKENSON, Judge.

Morris W. Mendlesohn,    Attorney for the Plaintiff.

Woodhouse & Schofield,    Attorneys for the Defendant.

MEMORANDUM FILED OCTOBER 17, 1935.

DICKENSON, J. It is said in **Tierney vs. Correia, 120 Conn., 140,** "The master is held responsible for the conduct of his servant within the scope of his employment because

*it is the master's business upon which the servant is engaged and it is carried on under the master's direction and control"—*

"That (the relation) is determined by the extent of the control which the person whose work is being done had over him, whether he had control merely for the purpose of ac-complishing the result intended, or had complete control over him as to all he did in the operation of the machine. If the former, the operator of the machine is engaged in the busi-ness of his general employer, if the latter, in that of the hirer of the machine." "The test is whether in this par-ticular service he is engaged to perform he continues liable to this direction and control of his master—"

The court goes on to say the question of control is ordi-narily one of fact, that "Ordinarily no one fact is decisive. The payment of wages; the right to hire or discharge; the right to direct the servant where to go and what to do. The custody or ownership of the tools or appliances he may use in his work, the business in which the master is engaged—none of these things give us an infallible test"

The court quotes from the compensation case of **Tortorici vs. Moosup, Inc., 107 Conn.**, that "the independent contractor contracts to produce a given result by methods under his own control, while the employer contracts to produce a given result subject to the lawful order and control of the employer in the manner and method used."

The claimant was loading a door into his truck when in-jured. He had bought the truck he testified "so I could carry my own doors and make a little extra money—for carting doors instead of the company hiring a local truckman to deliver the door. They would have to pay him."

On the claimant's own statement, then, it appears to make a little extra money he got the contract of carting doors which before had been given to truckers, that he furnished his own help, and was paid for the installed door, so much a door, and that the respondent was only concerned with the result, i.e. if the door was not properly installed and complaint made to the respondent it in turn would notify the claimant who would correct the trouble.

No correction of the finding could change these facts and upon them the Commissioner could hardly find otherwise than that at the time of his injury the claimant was not under

the control of the respondent but was acting as an independent contractor.

The appeal is dismissed.