THOMAS V. TIERNEY *vs.* AUGUST CORREIA ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued June 2d—decided July 1st, 1937.

*Joseph F. Berry*, with whom was *Olcott D. Smith*, for the appellant (defendant town of Canton).

*J. Clinton Roraback* and *Howard F. Landon*, for the appellees (plaintiffs).

*Jacob Schwolsky*, with whom was *John W. Joy*, for the appellee (defendant D. Maselli & Son, Inc.), filed a brief but did not argue the cause.

BANKS, J. Plaintiff was an occupant of an automobile which came into collision in the town of Canton with a truck owned by the defendant D. Maselli & Son, Inc. (hereinafter referred to as Maselli), and driven by the defendant Correia. The defendant town of Canton was engaged in the construction of a highway, and the truck with which plaintiff's car collided was being used in that work. Upon a former trial the trial court directed a verdict in favor of the town, and the jury brought in a verdict in favor of the plaintiff against the defendants Correia and Maselli. Upon appeal we held that there was no error upon the appeal of the defendant Correia, and error upon the appeals of the plaintiff and the defendant Maselli. *Tierney* v. *Correia*, 120 Conn. 140, 180 Atl. 282. Upon a retrial the jury brought in a verdict in favor of the plaintiff against the defendant Maselli and in favor

of the defendant town which the trial court, upon motion, set aside. The sole issue upon the trial was whether Maselli or the town was responsible for Correia's negligence in the operation of the truck, depending upon whether he was then engaged upon the business of the one or the other, and the sole issue upon this appeal is whether the jury could reasonably have found, as their verdict imports, that he was then acting for Maselli and not for the town.

The jury could reasonably have found the following relevant facts: During the summer and fall of 1932 the town of Canton was engaged in building a road under a contract with the State. The town contracted with Maselli as a subcontractor to do certain excavating of earth and rock necessary in the construction of the road at unit prices. The work under this contract was completed on October 17th, 1932. The town then hired from Maselli, a part of whose business it was to rent out trucks and drivers, a truck and driver for work on the road which was not then completed. It was this truck and driver, Correia, which were involved in the accident which took place on October 23d, 1932, a few days after the hiring. The truck had been used by Maselli in his work upon the road as a subcontractor, and Correia was in his employ and had driven the truck during that period. The agreement between the town and Maselli, after the completion of the work under his contract with the town, was that he would furnish the town the truck in question and a driver for the agreed price of $2 an hour. The driver was in the general employ of Maselli who paid his wages while the truck was being used by the town, principally for the carting of gravel. He reported to the selectman of the town in charge of the road construction work who told him where to get

the gravel and where to take it. Maselli hired Correia and had the right to discharge him.

Upon the former trial the same question, as to whether Correia, at the time of the accident, was in the employ of Maselli or of the town, was a contested issue in the case, and the town claimed upon that appeal that it should be held as a matter of law that he was in the employ of Maselli. We held that the question should have been submitted to the jury as one of fact. It was so submitted in the second trial, and resolved by the verdict of the jury in favor of the town and against Maselli. The trial court in setting aside the verdict held, in effect, that, as a matter of law, Correia was in the employ of the town and not in that of Maselli.

The evidence presented upon this issue on the second trial did not differ very materially from that presented upon the first trial. The answer to the claim now made by Maselli and the plaintiff that, as a matter of law, Correia should be held to be the servant of the town, is the same as the answer given upon the former appeal to the claim of the town that, as a matter of law, he should be held to be the servant of Maselli, to wit: that, upon the case presented, the question whether he was in the employment of one or the other was one of fact for the jury. There is no occasion to repeat, or to add, to any considerable extent, to what we said upon that appeal. The governing principle is clear; the cases in which it has been applied are numerous and conflicting, though, upon similar facts, perhaps a majority of the courts have held the question to be one for the jury upon proper instructions by the court. 42 A. L. R. 1418. It is agreed that the test is whether Correia, in the operation of the truck, continued under the direction and control of Maselli, his general employer, or became

subject to that of the town upon whose work the truck was being used. The selectman in charge of the road building testified that Correia was under his orders and directions and that he told him what to do and where to go, where to get the gravel and where to deliver it, but gave him no instructions as to what loads to take or as to how he should operate the truck. The jury could reasonably have found, from this and other evidence in the case, that the town's control over Correia did not extend beyond directing him where to get the gravel and where to take it. In cases such as this, the right to direct the driver of the truck where to go and what to do, which is a necessary incident to the performance of the work for which it was hired, may be entirely consistent with a conclusion that the driver remains under the direction and control of his original employer. *Thatcher* v. *Pierce*, 281 Pa. St. 16, 125 Atl. 302; *Macale* v. *Lynch*, 110 Wash. 444, 188 Pac. 517; *Charles* v. *Barrett*, 233 N. Y. 127, 135 N. E. 199; *Wilbur* v. *Tyson Construction Co.*, 109 Me. 521, 85 Atl. 48; *Wagner* v. *Larsen*, 174 Wis. 26, 182 N. W. 336; *Driscoll* v. *Towle*, 181 Mass. 416, 63 N. E. 922; 42 A. L. R. 1421. It is but one of the elements to be considered in determining the ultimate question involved. *Braxton* v. *Mendelson*, 233 N. Y. 122, 124, 135 N. E. 198; *Tierney* v. *Correia*, supra.

There was no contract of employment between Correia and the town. Maselli hired him, paid his wages and could discharge him. Maselli owned the truck which the town hired at the agreed rate which included the services of a driver employed by him. These facts, which the jury could reasonably have found, and which in fact were substantially undisputed, all tended, more or less strongly, to prove that Maselli continued to exercise the control of a master

over Correia while the latter was operating the truck which the town had hired. 1 Labatt, Master & Servant (2d Ed.) p. 66 ff. The fact that the contract between Maselli and the town was express and definite in that a truck with a driver was let to the town "to do work on the job" did not conclusively establish that Correia was the servant of the town, as the trial court assumed in the memorandum of decision upon the motion to set the verdict aside. As we said was the case upon the former trial, "the question of the extent to which Correia, in the operation of the truck, was subject to the direction and control of the town officials, depended upon the adoption of one or more varying, but nevertheless legitimate inferences which the jury might draw from all the relevant evidence." *Tierney* v. *Correia,* supra, p. 147.

*Parsons* v. *Daly & Sons,* 114 Conn. 143, 158 Atl. 216, relied upon by the plaintiff, was not a case, such as this, of the hiring of an instrumentality with an operator to run it, but of a "loaned employee" who was subject at all times to the complete control of the defendant in the installation of a refrigerating plant for which purpose he had been loaned by his regular employer.

The defendant town appealed from the granting of Maselli's motion to set aside the verdict against him as well as from the granting of the plaintiff's motion to set aside the verdict in favor of the town. Quite properly it did not pursue the former appeal in brief or argument since it could not have been aggrieved by the action of the trial court in setting aside the verdict against Maselli. *Rose* v. *Heisler,* 118 Conn. 632, 174 Atl. 66. The plaintiff did not appeal from the granting of Maselli's motion to set aside the verdict against him, and that ruling was final.

There is error, and the cause is remanded with direc-

tion to enter judgment upon the verdict in favor of the town of Canton.

In this opinion the other judges concurred.