CLARENCE E. ARCHAMBAULT *v.* ALBERT G. HOLMES
ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 7—decided December 14, 1939.

*T. Holmes Bracken,* for the appellant (plaintiff).

*John Clark FitzGerald,* with whom was *Richard C. Hannan,* and, on the brief, *David E. FitzGerald,* for the appellees (defendants).

MALTBIE, C. J.  This case was before us at an earlier term and we found error in a judgment for the plaintiff and remanded it for a new trial.  *Archambault* v. *Holmes,* 125 Conn. 167, 4 Atl. (2d) 420.  Upon the retrial judgment was rendered for the defendants and the plaintiff has now appealed.

The plaintiff brought the action to recover for damages to a car he owned, as a result of a collision between it and another car.  The defendants are Martin,

who was driving the plaintiff's car, and Albert G. and Howard J. Holmes, owner and driver respectively of the other car. Martin had become interested in a car the plaintiff had for sale and the latter directed an employee, Foster, to put markers on it, to warm it up, and turn it over to Martin. This was done and at the time of the collision Martin was operating it. On the retrial the negligence of both drivers was conceded and the sole issue was whether the negligence of the driver of the plaintiff's car was to be imputed to the plaintiff.

On the former appeal we stated that where an automobile seller, through an agent, is demonstrating a car to a prospective purchaser there may be situations where the seller would not be liable for the negligence of the prospective purchaser when the agent permits him to operate the car, although the agent continues to ride in it, but that this would only be where the agent had surrendered to the prospective purchaser the control of its operation; and we said (p. 171): "However, to absolve the seller from liability for the negligence of a prospective purchaser in operating a car while accompanied by an agent or employee of the seller, something more is necessary than the mere fact that the agent or employee failed to exercise control over that operation. . . . The seller is absolved only where his agent has abandoned his right to control the operation of the car and surrendered that operation wholly to the purchaser. . . . The principle is the same as that applied in determining whether one who does work for another is his employee or an independent contractor, where we have said: 'The decisive test is who has the right to direct what shall be done and when and how it shall be done? Who has the right to the general control?' "

The finding may be summarized as follows: Foster prepared the car for demonstration and with Martin

in it drove for five or six blocks and demonstrated the method of operating the automatic gear shift. Martin, having stated that he understood Foster's instructions, was then asked by the latter if he would like to drive it and upon his affirmative reply Foster changed places with him and Martin drove the car about a block and a half, when the collision occurred. No specific instructions were given to Foster by the plaintiff as to his attitude toward Martin's operation of the car on this occasion but it was the general policy of the plaintiff, which Foster understood, to permit a prospective customer to choose his own route, the speed at which he would proceed, and, within reason, the distance to be covered and the time to be consumed, it being generally Foster's duty to allow the customer to satisfy himself as to the car's performance and condition, provided the test was confined within reasonable limits as to time, distance and terrain. On the occasion in question it was Foster's duty to facilitate the demonstration and possible sale by any appropriate means, which included explanation as to the method of operating the gear shift, making any necessary adjustments or repairs, and changing tires. It was also his duty to safeguard plaintiff's property against unreasonable use and to return the car safely to the plaintiff's place of business. After Martin took the wheel Foster gave him no instructions as to the operation of the car, the route to be taken or the speed to be maintained. At the time of the accident Martin was in immediate physical control of the vehicle but the right to control the operation of the car had not been surrendered to him. Foster still retained control over it, so that they were in fact in joint control.

The plaintiff attacks the finding in various respects, but no change can be made in it which would be to his substantial advantage. The most that could be found

would be that Foster left to Martin control of the actual operation of the automobile while the latter was driving it. But such a control is not inconsistent with the retention of a general right of control in Foster. *Welz* v. *Manzillo,* 113 Conn. 674, 680, 155 Atl. 841; *Tierney* v. *Correia,* 123 Conn. 146, 150, 193 Atl. 201; *Francis* v. *Franklin Cafetaria, Inc.,* 123 Conn. 320, 326, 195 Atl. 198. The question whether or not the agent has so far surrendered control of the car that the negligence of the prospective purchaser in its operation is not to be imputed to the plaintiff, is one of fact and if the decision is one which the court could reasonably have reached, it must stand. *Francis* v. *Franklin Cafeteria, Inc.,* supra. Upon the finding in this case the trial court could reasonably conclude that there had not been such a surrender of control of the operation of the car to Martin that his negligence would not be imputed to the plaintiff.

There is no error.

In this opinion the other judges concurred.