30534. INDUSTRIAL LUMBER CO. v. STRICKLAND *et al.*

DECIDED JUNE 14, 1944.

*H. H. Elders,* for plaintiff.

*John P. Rabun, R. N. Odum, M. W. Eason,* for defendants.

PARKER, J. Proceedings by possessory warrant to recover possession of an edger were instituted by Industrial Lumber Co., a partnership, against E. D. Strickland and Doye (W. D.) Jones. On

the trial the justice of the peace rendered judgment in favor of the plaintiff, and the defendants sued out a writ of certiorari from the superior court. The judge of the superior court sustained the certiorari, reversed the justice, and entered judgment against the plaintiff for all court costs. To this judgment exception is taken. It appears from testimony offered by the plaintiff that the edger was loaned by Industrial Lumber Co., a corporation, to E. D. Strickland in February, 1942; that Strickland was to keep the property until it was called for by the lender; that Industrial Lumber Co., the partnership, formed on September 1, 1942, was the holder of all the assets formerly held by Industrial Lumber Co., the corporation, which was still in existence, but was being dissolved; that demand was made by the plaintiff on Strickland and Jones, the latter having possession of the property, for its return, which was refused, the defendant Jones ordering the agent of the partnership making the demand off the premises. It appears from testimony offered by the defendants that Industrial Lumber Co., the corporation, loaned the property to Jones on August 15, 1942; that he was to keep it so long as they did business together and until there was a final accounting between them, and that the lumber company owed him a large sum of money.

■ It is admitted by all parties to the case that the edger was "loaned" to the defendants. "A loan is the bailment of an article for a certain time, to be used by the borrower without paying for its use," and "the borrower is bound to take good care of the thing borrowed; to use it according to the intention of the lender; to restore it at the proper time, and to restore it in a proper condition." *Warren* v. *Mitchell Motors,* 52 *Ga. App.* 58 (182 S. E. 205). This court has held that a bailee is "such an agent of the bailor as that he is required not only to use the property for the special object only for which he was entrusted with it, and in conformity with the purposes of the trust, but to act in good faith where the interests of his principal are concerned." *Haines* v. *Chappell,* 1 *Ga. App.* 480 (3) (58 S. E. 220). It has several times been held that possession by the agent is possession by the principal, and upon demand by the principal, and refusal to deliver possession by the agent, possessory warrant is an appropriate remedy. *Meredith* v. *Knott,* 34 *Ga.* 222; *Hillyer* v. *Brogden,* 67. *Ga.* 24; *Wynn* v. *Harrison,* 111 *Ga.* 816 (35 S. E. 643). "One

who entrusts personal property to an agent to be cared for, giving such agent authority to use it, may, upon the refusal of the agent to return the property after demand, maintain proceedings by possessory warrant to recover his possession." *Sheriff* v. *Thompson*, 116 *Ga.* 436 (42 S. E. 738). We think this case is controlled by the principles stated in the cases cited. When Industrial Lumber Co., the partnership, took over all the assets of Industrial Lumber Co., the corporation, including the title to the edger, the partnership acquired the same right of possession to the edger that had been held by the corporation. When the partnership demanded possession of the edger, and the demand was refused, it could proceed by possessory warrant although possession by the defendants had been obtained originally from the corporation.

The judge of the superior court sustained the certiorari upon the ruling in *McEvoy* v. *Hussey*, 64 *Ga.* 314. We do not think the principle stated in that case is applicable to this case. The court erred in applying it to this case, and in sustaining the certiorari.

*Judgment reversed.* *Sutton, P. J., and Felton, J., concur.*