[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#136)
On September 13, 1993, the plaintiff, Eric Peele, filed a two count revised complaint, alleging a claim in negligence and a claim pursuant to General Statutes § 14-295, against the defendant Eddie Ortiz. The plaintiff alleges that on March 8, 1991, while he was employed by Toyota Mazda of Westport (Mazda), he accompanied the defendant, a customer, on a test drive of a Toyota MR-2. The plaintiff alleges that while the defendant was operating the vehicle, in which he was a passenger, the defendant violently accelerated the vehicle, causing it to strike a tree.
On November 19, 1993, the defendant filed an answer to the revised complaint and three special defenses: (1) the plaintiff's injuries were caused by the plaintiff's own negligence; (2) the negligence of the defendant is imputed upon the plaintiff; and (3) the plaintiff and defendant were engaged in a joint venture or enterprise.
On February 15, 1995, the plaintiff filed a motion to strike the defendant's second and third special defenses, along with a memorandum of law. On April 24, 1995, the defendant filed an "objection" to the plaintiff's motion to strike.
Pursuant to Practice Book § 152(5), if a party wishes to contest "the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." See Ivey, Barnum O'Mara v. Indian Harbor Properties,
Inc., 190 Conn. 528, 461 A.2d 1369 (1983). In considering a motion to strike, the court is "limited to considering the grounds specified in the motion." Meredith v. Police Commissioner of Townof New Canaan, 182 Conn. 138, 438 A.2d 27 (1980).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The facts to be considered by the court on a motion to strike include the facts that are implied and fairly provable under the allegations. Westport Bank Trust Co. v. Corcoran, Mallin CT Page 9318Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
In his second special defense, the defendant alleges:
 At the time of the accident, defendant was the servant or agent of plaintiff and defendant was using and operating the motor vehicle and otherwise acting within the scope of that authority or agency. Plaintiff retained the right to exercise control over the use and operation of the motor vehicle. Consequently, the negligence of defendant, if any, is imputed to the plaintiff as a matter of law and plaintiff's action is barred.
In his third special defense, the defendant alleges:
 At the time of the accident, plaintiff and defendant were engaged in a joint venture or enterprise to accomplish a common purpose and both had equal authority and right to manage or control the operation of the motor vehicle. Consequently, the negligence of defendant, if any, is imputed to plaintiff as a matter of law and plaintiff's action is barred.
The first ground for the plaintiff's motion is that the second and third special defenses are not legally sufficient because "[a] member of a joint venture or enterprise seeking recovery from another member of the joint venture or enterprise for negligence in the operation of a motor vehicle may recover from his operator to the same extent as any other passenger may recover from his operator." In other words, the doctrine of joint enterprise is not applicable where there is no third party. The plaintiff relies upon Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432 (1925), for support of this contention. The plaintiff alternatively argues that the special defenses are legally insufficient because the defendant has failed to plead sufficient facts to allege a special defense.
The defendant argues that the special defenses are legally sufficient in that he has alleged that the plaintiff "retained the right to exercise control over the use and operation of the motor vehicle," and if he proves this allegation his negligence with be imputed upon the plaintiff. The defendant relies upon ArchambaultCT Page 9319v. Holmes, 126 Conn. 191, 192, 10 A.2d 364 (1939), as support for this argument.
In Bushnell, an action was brought by the plaintiff against her husband for injuries she sustained when the defendant fell asleep while operating a motor vehicle, in which the plaintiff was a passenger, causing the vehicle to strike a tree. Bushnell v.Bushnell, supra, 103 Conn. 585. The defendant appealed the verdict in favor of the plaintiff on grounds that the verdict was not valid because he and the plaintiff were engaged in a joint enterprise at the time of the accident. In regard to the doctrine of joint enterprise, the court stated:
 if two persons are engaged jointly in a common enterprise requiring for its purpose that they use and occupy a conveyance of some sort, — a wagon, boat, or other vehicle, — in the management and control of which both have equal authority and rights, each assumes a responsibility for his colleague's conduct; and, if either is injured by the negligence of a third party and the concurring negligence of his companion, the mere fact that he was not at the time driving the common conveyance will not enable to recover of the wrongdoer. . . . the doctrine of imputed negligence is that in certain relations there shall be visited upon the plaintiff the negligence of another concurring with that of the defendant so as to defeat the action. It is peculiar to contributory negligence and can be invoked only where the negligence of another, for which the plaintiff is responsible, besides that of the defendant, proximately contributes to the injury.
(Citations omitted; internal quotation marks omitted.) Id., 587-88; see also Coleman v. Bent, 100 Conn. 527, 530-32, 124 A. 224
(1924); Weller v. Fish Transport Co., Inc., 123 Conn. 49, 54,192 A. 317 (1937); Schereschewsky v. Lynch, 3 Conn. L. Rptr. 83
(January 2, 1991) (Pickett, J.).
The court in Bushnell held, however, that the doctrine of joint enterprise did not apply because the plaintiff was directly charging the defendant for her injuries, and was not charging a CT Page 9320 third party who caused her injuries in concurrence with the defendant. Bushnell v. Bushnell, supra, 103 Conn. 588. Specifically, the court stated that "[h]owever it might have been were the plaintiff suing a third party for injuries due to his negligence in concurrence with that of her husband, here, where she was charging him directly with responsibility for injuries due to his own failure in duty, there was no place for any imputation of his want of care to her, and the sole issues were those having to do with his negligence and her own contributory negligence. The doctrine of joint enterprise was wholly inapplicable to such a situation." Id.
The present action similarly involves a claim by the plaintiff against the defendant "charging him directly with responsibility for injuries due to his own failure in duty," and does not involve a charge against "a third party who caused [the plaintiff's] injuries in concurrence with the defendant." Bushnell v. Bushnell,
supra, 103 Conn. 588. Accordingly, the defendant's third special defense which seeks to impute the defendant's negligence to the plaintiff is legally insufficient because "there is no place for any imputation of [the defendant's] want of care to [the plaintiff]," and the "sole issues [are] those having to do with [the defendant's] negligence and [the plaintiff's] own contributory negligence." Id.
Furthermore, Archambault involved the issue of whether an automobile seller, who through an agent demonstrates a car to a prospective purchaser, may have the negligence of the prospective purchaser who drove the car, imputed to it, and therefore, it is distinguishable from the present case.
Accordingly, the motion to strike the defendant's third special defense is granted.
The plaintiff has failed to sufficiently brief the grounds for striking the defendant's second special defense, and therefore, the motion to strike is denied as to the second special defense.