[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking money damages for injuries sustained in a motor vehicle accident. The defendant D'Elia Pontiac, Inc. has moved for summary judgment on the basis that the plaintiff is precluded from recovering against it pursuant to General Statutes § 14-60.[1]
Insofar as the plaintiff is asserting a claim against the defendant D'Elia Pontiac, Inc. in her single count complaint,[2] based on the defendant operator being an agent of the defendant D'Elia, the motion for summary judgment is granted based on Cook v. Collins, 199 Conn. 245, 506 A.2d 1035 (1986), and on General Statutes § 14-60. Section 14-60, being more specific, prevails over General Statutes § 52-183.[3] CharltonPress, Inc. v. Sullivan, 153 Conn. 103, 110, 214 A.2d 354 (1965);Baker v, Baningoso, 134 Conn. 382, 385, 58 A.2d 5 (1948); Oles v.Furlong, 134 Conn. 334, 342, 57 A.2d 405 (1948). The undisputed evidence is that the defendant operator, Palatnick, did have liability insurance at the time of this accident; indeed, the plaintiff does not deny this. The plaintiff's claim that the defendant D'Elia did not "loan" the vehicle to Palatnick is CT Page 7351 utterly unpersuasive in light of the record as a whole, the common sense reality of the transaction and the dictionary definition of "loan" as something lent for temporary use. Webster's Ninth New Collegiate Dictionary (1988); The American Heritage Dictionary (2d Col. Ed.); Black's Law Dictionary (6th ed.) ("Anything furnished for temporary use to a person at his request, on condition that it shall be returned, or its equivalent in kind, with or without compensation for its use."); see Cherry v. Mitosky, 353 Pa. 401, 45 A.2d 23, 25 (1946); see also Peters v. Thompson, 42 So.2d 91, 92 (Fla. 1949); IndustrialLumber Co. v. Strickland, 71 Ga. App. 298, 30 S.E.2d 792, 793
(1944).
However, insofar as the single count complaint also alleges active negligence by the defendant D'Elia, the motion for summary judgment is denied. To obtain summary judgment in its favor the defendant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Practice Book § 384; Field v. Kearns, 43 Conn. App. 265,269-270, ___ A.2d ___, cert. denied, 239 Conn. 942. ___ A.2d ___ (1996). It must do more than prove that Palatnick operated the vehicle and even more than prove that he was in control of the vehicle. The law in this area recognizes that there may be joint control of a motor vehicle. Archambault v. Holmes, 126 Conn. 191,193, 10 A.2d 364 (1939). Under Archambault v. Holmes, 125 Conn. 167,4 A.2d 420 (1939), "[t]he seller is absolved only where his agent has abandoned his right to control the operation of the car and surrendered that operation wholly to the [actual or prospective] purchaser." (Emphasis added.) Id., 171; accord,Plunkett v. Nationwide Mutual Insurance Co., 150 Conn. 203,209-210, 187 A.2d 754 (1963), and cases cited therein. The affidavits[4] and other documentary proof in the file do not clearly negate this factor. See, e.g., Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984); Kosloff v. Fairfield CountyBoy Scouts, Superior Court, Judicial District of Fairfield at Bridgeport, No. 280331 (1993 Ct. Sup. 8900, 8 CSCR 1094) (Sept. 30, 1993); Dapice v. Eastern Elevator Co., Inc., Superior Court, Judicial District of Stamford-Norwalk at Stamford, No. 105979 (1993 Ct. Sup. 8905, 8 CSCR 1097) (Sept. 16, 1993). Additionally, the defendant D'Elia has not briefed the issue of whether a person retains control of a vehicle where, as here, that person or the person's agent directs what course the operator shall drive.
Insofar as the complaint alleges active negligence by the CT Page 7352 defendant D'Elia, the motion for summary judgment is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court