GRACE M. COLEMAN, EXECUTRIX, *vs.* RUPERT G. BENT. HERBERT WALKER, ADMINISTRATOR, *vs.* RUPERT G. BENT.

First Judicial District, Hartford, March Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and BANKS, Js.

A joint adventure in the use of an automobile, implies a common possession and right of control of the vehicle and a responsibility for its negligent operation equally common to all of its occupants; and therefore the rule or doctrine of joint adventure should be restricted to cases in which these essentials are clearly apparent from the agreement of the parties, or arise as a logical inference or legal conclusion from the facts found by the trier.

In the present case the owner of the car, who had been driving it continuously for several hours while returning home from a fishing excursion, requested relief, and one of the other occupants took the wheel, and while he was operating the car a collision occurred due to his negligence which resulted in the death of two of the four members of the party. In actions to recover damages for their deaths, it was *held* that the evidence did not point so conclusively to the existence of a joint adventure as to warrant the trial judge in directing verdicts for the defendant owner upon that ground; and therefore that there was no error in his subsequent decision setting aside the verdicts so directed.

Argued March 4th—decided March 31st, 1924.

ACTIONS to recover damages for causing death by negligence, brought to the Superior Court in Hartford County and tried together to the jury before *Webb, J.;* the trial judge set aside a verdict for the defendant in

each case which he had earlier directed the jury to render, and from this decision the defendant appealed. *No error.*

These cases arose out of the same collision and were tried together, the issues of fact being common to both actions. In each case the complaint alleges that the plaintiff's decedent was riding as a guest in the defendant's automobile, and that the injuries which resulted in his death were caused by the negligence of defendant's agent, George Webb, in bringing the automobile into collision with a truck traveling in the same direction upon the highway between Springfield and Hartford. The actions were tried on general denials of the allegations contained in the complaint.

All the testimony and rulings are made part of the appeal records. At the close of the plaintiff's case the defendant moved for nonsuit in each case, and the motions were denied. At the close of the trial the defendant moved for a directed verdict in each case, and the court, in directing the verdicts, charged the jury as follows: "There is not very much important dispute about the facts in the case, and I have assumed that the jury would find that this collision was the result of some lack of caution or oversight on the part of Mr. Webb, who was driving the car. It by no means follows, as a matter of law, that Mr. Bent, the defendant in this action, is responsible. I have indicated to counsel that the evidence discloses that this was a joint venture of all of these parties on this pleasure trip or fishing trip, and the mere fact that Mr. Bent was the owner of the car doesn't necessarily make him liable. You will therefore retire, gentlemen, and render and bring in these verdicts for the defendants in both cases."

Subsequently, the plaintiff moved in each case to set the directed verdicts aside, and the trial court granted the motions, and set the directed verdicts aside; ex-

pressing in a memorandum of decision the conviction, based on further consideration, that the question whether, so far as the actual operation of the automobile was concerned, the parties were or were not engaged in a joint enterprise, should have been submitted to the jury.

Defendant appeals from the action of the court in setting aside the verdicts, and the plaintiff has filed bills of exceptions, excepting to the charge of the court in directing verdicts for the defendant.

*Allan E. Brosmith,* with whom, on the brief, was *Robert C. Dickenson,* for the appellant (defendant).

*Benedict E. Lyons* and *George H. Cohen,* with whom was *Robinson Cook,* for the appellees (plaintiffs).

BEACH, J.  The only valid reason of appeal by the defendant is that the court erred in setting aside the directed verdicts for the defendant.  The second and third reasons of appeal, which question the validity of the reasons given by the court for setting the verdicts aside, are of no avail.  Error cannot be predicated on an expression of opinion contained in a memorandum of decision as to the facts or the law of the cause, unless such memorandum be made a part of the finding on appeal.

The defendant's claim is that the evidence shows that the occupants of the defendant's automobile were returning from a fishing excursion when the collision occurred, and that after the party had reached their destination in Vermont, it was agreed that all current expenses of the trip, including gasolene, oil and garage bills should be shared equally.  Other facts claimed are, that the defendant drove his car all the way to Vermont, and back again as far as West Springfield,

where he announced that he was tired of driving and
that the headlights of passing automobiles affected his
eyes; that Mr. Webb and Mr. Coleman volunteered to
relieve him, and Mr. Webb took the wheel with some
understanding, not carried out, that he should drive
as far as Springfield and that Mr. Coleman should
drive the rest of the way; and that the collision occurred
between Springfield and Hartford.   These are sub-
stantially the facts on which the defendant relies as the
basis of his claim that the undisputed evidence showed
that the defendant was not liable in damages, at the
suit of other occupants of the automobile, for injuries
due to the negligence of Mr. Webb in operating it.

What sort of an arrangement will make the parties
to it joint adventurers in the operation of the vehicle
in which all are riding, is well settled.   The typical case
is where two or more jointly hire a vehicle for their
common purpose and agree that one of their number
shall drive it.   In such a case the possession of the
vehicle is joint and each has an equal right to control
its operation.   The better considered cases hold that
such common possession, and common right of control,
resulting in common responsibility for negligent failure
to control, are the ear-marks of the legal relation of a
joint adventure in the operation of the vehicle.   *Cunn-
ingham* v. *Thief River Falls*, 84 Minn. 21, 27, 86 N. W.
763; *Cotton* v. *Willmar & Sioux Falls Ry. Co.*, 99 Minn.
366, 109 N. W. 835; *Atwood* v. *Utah Light & Ry. Co.*,
44 Utah, 366, 372, 140 Pac. 137; *St. Louis & S. F. R.
Co.* v. *Bell*, 58 Okl. 84, 159 Pac. 336; *Bryant* v. *Pacific
Electric Ry. Co.*, 174 Cal. 737, 164 Pac. 385; *Meyers* v.
*Southern Pac. Co.* (Cal.), 218 Pac. Rep. 284; *Boyden* v.
*Fitchburg R. Co.*, 72 Vt. 89, 47 Atl. 409.   See also Huddy
on Automobiles (6th Ed.) § 682; Berry on Automobiles
(3d Ed.) § 514; 2 R. C. L., p. 1208, and the elaborate
note on imputed negligence in 8 L. R. A. (N. S.) at page

628. In the case nearest in point, *Derrick* v. *Salt Lake & Ogden Ry. Co.*, 50 Utah, 573, 168 Pac. 335, several traveling salesmen, engaged in the course of their business, were riding in an automobile owned by one of them, when one of the party was injured in a collision due, in part, to the contributory negligence of the driver and owner of the car. The undisputed evidence was that all had agreed to share the expenses of the trip including gasolene, oil, tires and wear and tear on the car; and it was held as matter of law that they were joint adventurers and the injured party could not recover. In that case the entire cost of transportation was shared, to the same extent as if they had jointly hired the car. Here, only the cost of gasolene, oil and garage bills, if any, were agreed to be shared. It is still true that the defendant bore the cost of transportation to the extent of furnishing the automobile, and that fact is significant in its bearing upon the question whether the defendant reserved his possession and right to control operation of his car, and upon his correlative responsibility for damage done by its negligent operation. It is not clear that under the agreement to share current expenses, a majority of the party could have compelled the defendant to entrust the operation of his car to a driver of their own selection; or that if the collision had resulted in nothing more serious than damage to the defendant's automobile, either of the decedents could have been compelled to contribute toward the cost of repairing it. The fact that the defendant owner drove his car himself, until he felt that it was no longer prudent to do so, is suggestive. Also the fact, which he testified to, that he offered his car for the trip because it was new and he desired to try it out. There was also evidence from which the jury might have found that he invited the decedents to travel in it as his guests, and that the agreement for

sharing current expense was an afterthought. Finally, the common purpose of these gentlemen was social rather than economic, and was not necessarily inconsistent with the retention by the defendant of his rights and obligations as owner of his car.

We are of opinion that the doctrine of joint adventure, as applied to the operation of a vehicle owned by one of the occupants, ought to be restricted to cases where the common right to control its operation, and the correlative common responsibility for negligence in its operation, is either clearly apparent from the agreement of the parties, or is a logical conclusion from the facts found by the trier. We say this because it appears to us that in some of the cases cited by the defendant the doctrine has been loosely applied. For example, *Pinckard* v. *Pease,* 115 Wash. 282, 197 Pac. 49, and *Masterson* v. *Leonard,* 116 Wash. 551, 200 Pac. 320, seem to be cases of the assumption of known special risks; and *Wentworth* v. *Waterbury,* 90 Vt. 60, 96 Atl. 334, was in fact decided on another ground. For the reasons indicated we hold that the Superior Court did not err in setting aside the directed verdicts for the defendant.

In view of this conclusion it is unnecessary to discuss the plaintiff's bill of exceptions.

There is no error.

In this opinion the other judges concurred.