## MAVROMATES v HUCHINSON

Ohio Appeals, 5th Dist, Licking Co

No 1789.  Decided Sept, 1932

B. E. Sapp, Mt. Vernon, and Columbus Ewalt, Mt. Vernon, for plaintiff in error.

Charles T. Rich and George E. Rich for defendant in error.

LEMERT, J.

The defendant below requested that the following special charges be given to the jury in writing before the argument. This request was refused and exceptions taken.

"1.  Members of the jury, the defendant Pete Mavromates, is charged with negligence in this case because he was engaged in a joint enterprise and with the driver of the car at the time of the accident, and the Court says to you that before the defendant Mavromates would be liable, the plaintiff must first prove that he was engaged in a joint enterprise with the said Zane Thanos at the time of the accident and he must further show by a preponderance of the evidence that the said parties were jointly operating or controlling the movements of the car at the time of the accident," and,

"2.  If the plaintiff fails to prove by a preponderance of the evidence, that at the time of the accident complained of in this case the defendants, Pete Mavromates and Zane Thanos, were engaged in a joint enterprise and that said parties were jointly operating or controlling the movement of

the car at the time of the accident, the Court says to you that it will be your duty to return a verdict for the defendant Pete Mavromates."

It will be noted that each of the above requests dealt with the question of a joint enterprise. For a proper determination of the question as to whether or not the court erred in its refusal to give the above charges we come first to the averment in the petition wherein the plaintiff avers, "that the automobile in question was operated by the defendant, Zane Thanos, and owned by the defendant, Pete Mavromates; that at the time and place complained of and during the preceding evening before, the automobile herein described was being operated **on the joint business or enterprise of both defendants and for their joint benefit."**

On the question of the principle of joint enterprise, as laid down in **120 Oh St, page 239-244,** we find from an examination of that case, it being a crossing accident, that "the test in determining the question is whether the parties were jointly operating or controlling the movements of the vehicle in which they were riding." The court in that case held that "there must be a right of mutual control. Where the guest has no voice in directing and governing the movements of the automobile, he cannot be said to be engaged in a joint venture with the driver, within the meaning of the law of negligence.

"A good statement of the rule, and one recognized in many states, is as follows: 'Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto'."

It has also been held that: "A joint enterprise in the use of an automobile implies a common possession and right of control of the vehicle and a responsibility for its negligent operation equally common to all of its occupants; and, therefore, the rule or doctrine of joint adventure should be restricted to cases in which these essentials are clearly apparent from the agreement of the parties, or arise as a logical inference or legal conclusion from the facts found by the trier."

The plaintiff in error in support of the second request to charge cites the doctrine as laid down in **34 Oh Ap 207,** which is as follows:

"Before the doctrine of imputed negligence can be invoked in case of automobile driver and passenger, it must first be shown that parties were engaged in joint enterprise, and it must be proved that parties were jointly operating or controlling movements of automobile in which they were riding."

Having just quoted from the petition the language upon which the instant case is based, wherein the language is used: "being operated on the joint business or enterprise of both defendants and for their joint benefit," we must not confuse the term "joint enterprise" with "joint business." The word "joint", as we view it means "united, or coupled together in interest or liability; opposed to several." Therefore, the allegation, so far as joint business is concerned, is not an allegation of joint enterprise. It is an allegation that both defendants at the time were engaged in business together, the ultimate object of which was to react to the benefit of both. So that it might be, while one was actually operating the car, the other had the right to control its operation, he being the owner.

We note that the court instructed the jury that if they did not find that there was a joint enterprise the verdict should be for the defendant. If there was error in such charge, surely the plaintiff in error cannot take advantage of it, because the theory of a joint enterprise comprises an adventure of wider and larger scope than that of partnership or agency. Therefore, if such a charge was improper, it could not have been prejudicial and certainly the plaintiff in error could not take advantage of it, because in order to establish "joint enterprise," it must of necessity embrace certain features of agency. All are principals, but one, while acting for the other, is of necessity the agent of the other, though both might be principals.

In the record before us there can be no doubt but what there was a relationship existing between the driver of the car and the owner. The same evidence that was introduced in this case and in the record before us would have established the theory of agency and respondeat superior, or even partnership. We believe that there is a distinction of ultimate business and from the operation of an automobile. In the cases just cited the question of joint en-

terprise was attempted to be invoked among the parties to the enterprise with negligent operation of the automobile. The facts in the case at bar we believe are entirely different. The ultimate object of the enterprise was not the operation of an automobile, but it was the transaction of certain business in Newark and Columbus, Ohio.

In the Bloom case, just cited, in the 120 Oh St, at page 243, we find this language: "The principle of 'joint enterprise' is based on partnership or mutual agency. In crossing accidents of this character, the test in determining the question is whether the parties were jointly operating or controlling the movements of the vehicles in which they were riding."

The above language indicates in such a case where "joint enterprise" involves the operation of a car, they should both be present but in case of "joint enterprise" where there is ultimate business to be taken care of other than the operation of the car, the rule must of necessity be different. It is also held in the same case on page 248 that "when the action is against a third person, each member of the 'joint enterprise' is a representative of the other, and the acts of one are the acts of all, if they be within the scope of the enterprise."

In the case at bar, Mavromates was in the restaurant business and Thanos was in the restaurant business, or had just sold his restaurant, and was contemplating another. The evidence clearly shows that Mavromates instructed Thanos to take his automobile, go to Newark, arrange for a christening of Mavromates' child, and then continue on to Columbus to see about a restaurant or the purchase of a restaurant, in which they were mutually interested. We believe this would be considered a joint business, a partnership, a joint enterprise, a joint adventure, or agency, with the theory of respondeat superior applied. Thanos, the operator of the car, was acting upon the business of the defendant, Mavromates, and on his own business, and the allegation in the petition charges that at the time of the accident the car was being operated on the joint business of both. It is true that the plaintiff filed an amended petition on the theory of agency and counsel for plaintiff in error refused to go ahead without a continuance; therefore, the plaintiff below proceeded to trial upon the original petition filed. It is no doubt true that if this case had proceeded upon the theory of respondeat superior the same evidence would have been introduced to establish that theory and surely the evidence would have permitted the case to go to the jury whether Thanos, the operator, was the agent or upon the business of the defendant at the time of the accident.

From a careful examination of the record we are of the opinion that there was sufficient evidence of a joint undertaking, bordering upon that of partnership, and that the accident or collision was merely an incident in the carrying out or completion of the understanding, or partnership arrangement, between Mavromates and Thanos. Had the case proceeded upon the amended petition, no doubt the plaintiff in error would have defended on exactly the same ground. If the petition had been drawn purely on the theory of respondeat superior or of principal and agent, the evidence would have been practically the same. That being true, how can it be said that the rights of the defendant below have been prejudiced? We believe the parties herein had a fair trial and that the evidence shows that the operator of the car at the time of the accident was on the joint business of the defendant and himself.

Therefore, entertaining the above views in the instant case, we find no error therein, and the finding and judgment of the court below will be, and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.