PHILIP E. DUNN ET AL. *v.* JOHN P. SANTINO ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 6—decided December 23, 1952

*George R. Tiernan,* for the appellants (defendants).

*William T. Holleran,* with whom was *Leonard J. Gilhuly,* for the appellees (plaintiffs).

O'SULLIVAN, J.   This action was brought to restrain the defendants from crossing land owned by the plaintiffs.   The court issued a permanent in-

junction, as sought by the plaintiffs, and from the judgment entered thereon the defendants have appealed.

The court found the following facts: The plaintiffs are husband and wife. On March 3, 1947, they bought a house and lot fronting on the north shore of a lake in West Haven and, since July of the same year, have occupied the premises as their home. The defendants are likewise husband and wife. In 1932, the defendant John Santino acquired title to land lying to the west of the plaintiffs' property. He built a house upon his land in 1933 and ever since then has occupied it. In 1939 he married the other defendant and they now have two children. Between the properties in question is a fifty-foot strip of unimproved land owned by a stranger to this action.

Shortly after the plaintiffs moved into their house, Mrs. Santino called and introduced herself. In the course of the conversation which ensued, she said that she had been accustomed to crossing the plaintiffs' land, and she asked whether they would mind if members of her family continued to do so. She was told that there was no objection to the use of the back yard but that the plaintiffs did not relish the idea of having others walk over their front lawn. Thereafter, the defendants and their children made use of the back yard as a way to and from their house, and on rare occasions, until the fall of 1950, they as well as other neighbors of the plaintiffs crossed the front lawn at night and during stormy weather.

Beginning in the fall of 1950, Mrs. Santino began to use the front lawn as a short cut on her way to work. The plaintiffs, as a gesture of courtesy to a neighbor with whom they were, at the time, on friendly terms, raised no objection. When, however,

in the spring of 1951 the Santino children commenced to cross the lawn, the plaintiff Philip Dunn spoke to Mr. Santino, telling him that, while he did not mind Mrs. Santino's walking over the front lawn in the morning as a convenience to her, the children should use only the back yard. Mr. Santino replied that the plaintiffs could not interfere because he and his family had a right of way over the land. This was the first time that the defendants had ever made this claim to the plaintiffs. As the defendants continued to cross over both the front and the rear of the property, the plaintiffs brought this action seeking injunctive relief. The defendants alleged in their answer that they had a right of way by prescription. This was denied, and the court resolved the issue in the plaintiffs' favor. The decisive question on this appeal is whether the court erred in holding that the defendants had not acquired a right of way by prescription over the plaintiffs' land.

The defendants, in their assault upon the finding, assign thirty-three errors. Such a wholesale onslaught has been frequently criticized by this court. *Strang* v. *Witkowski*, 138 Conn. 94, 95, 82 A.2d 624. Of the twenty-four paragraphs which the defendants seek to have added to the finding, the substance of three of them is already contained in it, and the remaining twenty-one are concerned with facts which are neither admitted nor undisputed. Practice Book § 396. The defendants' further effort to strike nine paragraphs or parts thereof on the ground that the facts therein were found without evidence is equally futile. The challenged paragraphs are amply justified by the evidence. The facts, as found, must stand.

Although all of the court's conclusions are attacked, they are logically supported by the subordi-

nate facts. The burden of proving a prescriptive right was on the defendants. *Shea* v. *Gavitt,* 89 Conn. 359, 363, 94 A. 360. This required them to establish that their use of the plaintiffs' property was open and visible, continuous and uninterrupted for fifteen years, and under a claim of right. *Aksomitas* v. *South End Realty Co.,* 136 Conn. 277, 281, 70 A.2d 552; General Statutes § 7130. As to the last-mentioned element alone, the court found that the use of the property was permitted by the plaintiffs as a neighborly gesture to their then friends, the defendants, who had requested permission to use it, and that the land was not crossed under a claim of right until 1951. These were findings of fact. *Klein* v. *DeRosa,* 137 Conn. 586, 589, 79 A.2d 773. As previously indicated, these findings must stand since they find reasonable support in the evidence or in reasonable inferences drawn from the facts proven. *Taylor* v. *Dennehy,* 136 Conn. 398, 403, 71 A.2d 596. The allegation in the complaint that the defendants claim a right to cross the plaintiffs' land is of no moment, since it clearly refers to the claim advanced for the first time to the plaintiffs by the defendants in 1951.

Errors assigned in the failure of the court to view the premises and in various rulings on evidence are completely lacking in merit and warrant no discussion.

There is no error.

In this opinion the other judges concurred.