THE CITY OF DERBY ET AL. *v.* DOMENIC DIYANNO

INGLIS, C. J., BALDWIN, WYNNE, DALY and MELLITZ, Js.

Argued October 6—decided November 8, 1955

*Roslyn Z. P. Montlick,* for the appellant (defendant).

*George J. Yudkin,* with whom, on the brief, was *Harold B. Yudkin,* for the appellees (plaintiffs Bottachiari et al.).

Daly, J.  This action was brought by the city of Derby and nineteen individual plaintiffs, seeking an injunction restraining the defendant from interfering with the right of the plaintiffs and the public to use a right of way, and a mandatory injunction directing the defendant to restore the grade of the right of way.  In the complaint it is alleged that the individuals named as plaintiffs are the owners of certain parcels of land in the section of the city of Derby known as Camptown, which "land has appurtenant to it a right of way" over land owned by the defendant.  The city of Derby, as a party plaintiff, acted on behalf of the public and on its own behalf.  Twelve of the individual plaintiffs were permitted to withdraw.  Judgment was rendered directing the defendant to restore the grade of the passway along the easterly boundary of his property, enjoining him from interfering with the rights of the remaining individual plaintiffs, hereinafter called the plaintiffs, to use the passway for vehicular and foot passage, for them to recover their costs, and in favor of the defendant against the city of Derby without

costs. The defendant has appealed. In his first four assignments of error he claims that the court erred in finding certain facts and in refusing to find other facts.

The court found, and was warranted in finding, the following facts: The defendant is the owner of land abutting on Roosevelt Drive, formerly known as Housatonic Avenue and formerly Sugar Street, in the city of Derby. The area in which the premises of the defendant and those of the plaintiffs are located is commonly known as Camptown. The defendant acquired title to a portion of the property over which the passway exists by warranty deed from Salvatore Papale and Samuel and Mary Musto on August 30, 1934, "subject, however, to such rights of way as may exist and belong to the public, the City of Derby or adjoining property owners across the southeasterly side of said property next adjoining said land formerly of Bridgett Carey as the road or passway is now laid out and used."

A passway for ingress and egress between Roosevelt Drive and Camptown exists, and has existed for many years, on the easterly portion of the land of the defendant which abuts on Roosevelt Drive and adjoins property known as the Esposito bakery. This passway is the one referred to in the warranty deed from Salvatore Papale and Samuel and Mary Musto to the defendant. Since 1919 or 1920, a sewer of the city of Derby has existed beneath the passway, a sewer easement map having been made in November, 1920, by the city of Derby. Prior to 1926, the passway had been used for many years by the owners and occupants of the land in Camptown without resort to permission or license from the defendant or his predecessors in title, such use being similar in manner to the use of

the passway subsequent to 1926. In 1926, Samuel Musto, one of the defendant's grantors, leveled off the passway to make a good road of it. Since 1926, the passway has been used by the landowners of Camptown, their tenants, their friends, peddlers, salesmen, doctors, delivery trucks, furniture movers, police cars, fire trucks, and the public in general as a means of ingress to and egress from Camptown by foot and vehicular traffic.

In 1935, the defendant erected a sign on his property near the passway reading "Private Road, No Trespassing," and since that time the sign has remained near the passway except when it was being repainted. On two or three occasions, the defendant refused the city of Derby permission to maintain, sand or shovel the passway. He did nothing more to hinder or stop the traffic over the passway until April 1, 1954, although he knew of its use by the owners of land located in Camptown and by others. On April 1, 1954, he excavated the end of the passway nearest to Roosevelt Drive, making it impassable, erected a barrier and replaced the sign. Until the defendant, on April 1, 1954, made the passway impassable, it had been in open, visible, continuous and uninterrupted use for more than twenty-eight years by the owners and occupants of land in Camptown without resort to permission or license from the defendant or his predecessors in title and in complete disregard of the defendant's "Private Road, No Trespassing" sign.

The defendant had notice of the existence of the easement and the right of way from the deed of August 30, 1934, by which he acquired title to a portion of the property over which the passway exists. On a map prepared in 1920, and on another prepared in 1927, the passway was shown as being fifteen feet

wide and running northerly from Housatonic Avenue, as Roosevelt Drive was then called. The delineations of the passway shown on these maps are practically identical with those shown on a map prepared in 1954. The use of the prescriptive rights was over this passway, which was, and is, fifteen feet wide. The plaintiffs have title to land in Camptown to which ingress and egress is made over the passway from Roosevelt Drive.

The trial court concluded that prior to April 1, 1954, the passway had been in open, visible, continuous and uninterrupted use for more than twenty-eight years by the owners and occupants of land in Camptown under a claim of right, without resort to permission or license from the defendant or his predecessors in title, with his and their knowledge, and in complete disregard of the defendant's "Private Road, No Trespassing" sign; that the bounds of the use are defined with reasonable certainty; that the plaintiffs have prescriptive rights over the passway and that the defendant has unlawfully interfered with their use of their easements.

Section 7130 of the General Statutes provides that no person shall acquire a right of way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless such use has been continued uninterrupted for fifteen years. As shown by the finding, the use of the passway by the plaintiffs and their predecessors in title was open, visible, continuous and uninterrupted for more than fifteen years and under a claim of right, without resort to permission or license from the defendant or his predecessors in title and in complete disregard of the defendant's sign, and the defendant had notice of the easement and the right of way. The prescriptive rights claimed by the plain-

tiffs were established. *Dunn* v. *Santino,* 139 Conn. 352, 355, 93 A.2d 726.

The defendant claims that twelve of the original individual plaintiffs should not have been permitted to withdraw their actions and that judgment should have been rendered against them. The granting of the motion made by these plaintiffs was within the court's discretion. General Statutes § 7801; see *Dochelli* v. *Dochelli,* 125 Conn. 468, 471, 6 A.2d 324.

Many of the defendant's assignments of error are answered by the facts which were found by the trial court and appear in the portions of the finding which are not attacked. The claims of law which were not made in the trial court are not now considered. *Genuario* v. *Finkler,* 136 Conn. 500, 501, 72 A.2d 57; Maltbie, Conn. App. Proc., § 44.

The defendant claims that the alleged use of the passway by the seven plaintiffs in whose favor judgment was rendered was in common with the general public and that consequently they cannot claim that their use was exclusive. These plaintiffs claimed the right to use the passway as appurtenant to the land owned by them. The complaint clearly indicates that the city of Derby purported to act on behalf of the public and that it did not act for these individual plaintiffs. They did not claim, and the court did not find, that their rights depended upon a similar right in the public. "That the user must be exclusive is true only in the limited sense that the right shall not depend for its enjoyment upon a similar right in others; it must be exclusive as against the community at large." *Phillips* v. *Bonadies,* 105 Conn. 722, 728, 136 A. 684. The court found that the plaintiffs have title to land in Camptown to which ingress and egress from Roosevelt Drive is made over the passway and that the defendant had notice of the

existence of the easement and the right of way by the deed by which he acquired title to a portion of the property over which the passway exists. Consequently, the use of the passway by the plaintiffs was distinctive from that of the public because they used it in connection with their respective properties located upon it, a use of which the defendant had notice in one of the deeds by which he acquired title. The court did not err in not finding that the rights of the plaintiffs depended upon a similar right in the public. Their rights of way were adjuncts to their properties and were exclusive as against the community at large. *Missionary Society* v. *Coutu,* 134 Conn. 576, 583, 59 A.2d 732.

The defendant also claims that the court erred in stating, in the memorandum of decision, a proposition of law not pertinent to any issue in the case. As shown by the judgment and the finding, this statement had no influence upon the court's conclusions. In addition, errors cannot be predicated on an expression of opinion, in a memorandum of decision, as to the facts or the law of the cause, unless the memorandum of decision is made a part of the finding. *Coleman* v. *Bent,* 100 Conn. 527, 529, 124 A. 224; Maltbie, Conn. App. Proc., § 90.

The defendant, in his assignments of error, claims that the court erred in finding that the plaintiffs have title to land in Camptown to which ingress and egress from Roosevelt Drive is made over the passway. The evidence supports the finding of the plaintiffs' ownership. The defendant also claims that the court erred in finding that the passway was shown as being fifteen feet wide and running northerly from Housatonic Avenue, as Roosevelt Drive was then called, on a map prepared in 1920 and on another map prepared in 1927; in finding that the delin-

715

eations of the passway shown on these maps are practically identical with those shown on a map prepared in 1954; and in concluding that the bounds of the use are defined with reasonable certainty. These claims are without merit.

The court did not err in the ruling on evidence. There is no error.

In this opinion the other judges concurred.