STANLEY ZAVISZA ET AL. *v.* GEORGE M. HASTINGS, JR.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 11—decided November 29, 1955

*James S. Coburn,* for the appellants (plaintiffs).

*Charles Alfano,* for the appellee (defendant).

DALY, J.   The plaintiffs brought this action to recover damages from the defendant.   The latter

claimed a right of way over the land of the plaintiffs and, in his counterclaim, sought an injunction restraining them from preventing his use and enjoyment of this way. The plaintiffs have appealed from the judgment rendered for the defendant on the complaint and the counterclaim.

In their assignments of error, the plaintiffs claim that the trial court erred in refusing to find facts set forth in twenty paragraphs of the draft finding and in finding the facts stated in twenty-two paragraphs of the finding. The finding is not subject to correction. The essential facts, which are supported by the evidence, are the following: Since April 5, 1952, the plaintiffs have been the owners and occupiers of land on Hill Street in the town of Suffield. The defendant is the owner of two parcels of land, herein referred to as the "homestead lot" and the "north lot." He acquired them from his father, George M. Hastings, by warranty deed dated April 18, 1952. These two parcels have been owned by members of the defendant's family for a hundred years, more or less. The homestead lot fronts on Spruce Street and is separated from the north lot by two intervening parcels of land. The one immediately to the north of the homestead lot is owned by the plaintiffs, and the one immediately to the north of the plaintiffs' property and adjoining the north lot on the south is owned by Anthony Carney. A roadway runs in a northwesterly direction from the homestead lot over the plaintiffs' land and the land of Anthony Carney to the north lot. In May, 1952, and for many generations prior thereto, the defendant and his predecessors in title gained access to the north lot by this roadway. It is of hard surface with a gravel base and has well-defined wheel marks indicating its existence for many years. The defendant and his pre-

decessors in title had placed many loads of stone and gravel on the roadway. They were the only persons who repaired and maintained it.

A divisional fence was constructed between the homestead lot and the plaintiffs' property by the defendant's predecessor in title and was maintained by him and, subsequently, by the defendant. An opening in the fence was left for the roadway at its entrance to the property now owned by the plaintiffs, and removable bars were placed there to prevent cows from leaving the property. The defendant and his predecessor in title removed the bars when they traveled on the roadway across the plaintiffs' property to the north lot. The roadway is plainly visible from a considerable distance, and it would have been visible to the plaintiffs if they had investigated their property prior to its purchase by them.

The cows of the defendant's grandfather, H. Dowd Hastings, were driven daily from the homestead lot over the roadway to the north lot. From 1872 on, the defendant's predecessors in title pastured cattle or raised crops on the north lot each year, continuously, and gained access to it solely by way of the roadway from the homestead lot across the properties now owned by the plaintiffs and Anthony Carney. The defendant does not have, and his predecessors in title never had, any means of access to the north lot except by way of the roadway running over the plaintiffs' property. The defendant's grantor, George M. Hastings, used the right of way under a claim of right continuously, openly and notoriously from April 3, 1914, to April 18, 1952, a period of thirty-eight years. In conveyances to former owners of the properties now owned by the plaintiffs and Anthony Carney, it was stated that the properties were subject to a right of way from

the homestead lot to the north lot. In the deed transferring title to the plaintiffs, dated April 5, 1952, no mention of the right of way was made.

In May, 1952, the plaintiffs obstructed the defendant's use of the right of way. The defendant, in proceeding from the homestead lot to the north lot over the right of way, removed the obstruction and continued to use the right of way as he and his grantor had used it. On May 10, 1952, the plaintiffs notified the defendant, under the provisions of § 7131 of the General Statutes, that they disputed his claimed right of way over their property.

The court concluded that the defendant and his predecessors in title have used the roadway over the properties now owned by the plaintiffs and Anthony Carney openly, notoriously, adversely and continuously for a hundred years, more or less, under a claim of right.

Section 154 of the Practice Book provides that in trials to the court, if counsel intends to raise any question of law which may be the subject of an appeal to this court, he must state the question distinctly to the court before his argument is closed and must request the court to take note of the point. Section 409 of the Practice Book provides that this court is not bound to consider any errors on an appeal unless they are specifically assigned and unless it appears on the record that the question was distinctly raised at the trial and was ruled upon and decided by the court adversely to the appellant's claim, or that the question arose subsequent to the trial. The plaintiffs made no claims of law respecting the judgment to be rendered in the trial court. That aside, since the real question upon this appeal is whether the defendant has the right of way claimed as appurtenant to the premises owned by

him, we do decide it. See *Maruca* v. *Phillips*, 139 Conn. 79, 82, 90 A.2d 159.

Section 7130 of the General Statutes provides that no person shall acquire a right of way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless such use has been continued uninterrupted for fifteen years. The essential elements of a right of way by prescription are a use which is (1) open and visible, (2) continuous and uninterrupted for fifteen years, and (3) engaged in under a claim of right. *Derby* v. *DiYanno*, 142 Conn. 708, 712, 118 A.2d 308; *Dunn* v. *Santino*, 139 Conn. 352, 355, 93 A.2d 726; *Aksomitas* v. *South End Realty Co.*, 136 Conn. 277, 281, 70 A.2d 552.

The plaintiffs claim that the roadway, located 1000 feet west of Hill Street on low ground and hidden by brush and scrub growth, is not open and visible and that a person would observe it only by going back to it. This claim is answered by facts which were found and appear in a portion of the finding which is not attacked, namely, that the roadway is plainly visible from a considerable distance and would have been visible to the plaintiffs if they had investigated their property prior to its purchase by them.

Another contention of the plaintiffs is that the defendant failed to prove that the claimed open, continuous and uninterrupted use and enjoyment of the right of way by him and his predecessors in title, under a claim of right and for more than fifteeen years, was with the knowledge and acquiescence of the plaintiffs and their predecessors in title. That a claim was actually made and brought to the attention of the owner of the fee is not essential in order to establish that the user was made under a claim

of right. Nothing more is required than a user "as of right," that is, without recognition of the rights of the owner of the servient tenement. *Aksomitas* v. *South End Realty Co.*, supra, 283; *Horowitz* v. *F. E. Spencer Co.*, 132 Conn. 373, 378, 44 A.2d 702.

Although no right of way over the land of the plaintiffs was mentioned in the warranty deed by which the defendant acquired title to his property, the phrase, in the deed, "with the appurtenances thereof," is sufficient to grant to him the appurtenant right of way. *Schroeder* v. *Taylor,* 104 Conn. 596, 601, 134 A. 63; *C. B. Alling Realty Co.* v. *Olderman,* 90 Conn. 241, 251, 96 A. 944; *Blanchard* v. *Maxson,* 84 Conn. 429, 434, 80 A. 206.

We have no occasion to discuss the requisites of a right of way by necessity, since the trial court did not conclude that the defendant had such a right of way. Nor need we discuss the plaintiffs' claim that by reason of the recitals in certain deeds the right of way in question was personal to a predecessor in title of the defendant. Our decision is based, as the judgment of the trial court was, on a right of way acquired by adverse user.

There is no error.

In this opinion the other judges concurred.