THANAS LASKE ET AL. *v.* CITY OF HARTFORD

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued January 4—decision released March 8, 1977

*John Poulos,* for the appellants (plaintiffs).

*Thomas P. Heslin,* special counsel, with whom, on the brief, was *Richard P. Lawlor,* assistant corporation counsel, for the appellee (defendant).

BOGDANSKI, J.  By way of eminent domain the city of Hartford took land of the plaintiffs for redevelopment purposes and filed a statement of compensation.  On appeal to the Superior Court, the matter was referred to a state referee, who, exercising the powers of that court, reviewed the damages and ordered the appeal dismissed.  From that judgment the plaintiffs have appealed to this court, assigning error in the finding of facts, in the overruling of a claim of law, and in the conclusions reached.

The plaintiffs have made numerous attacks on the finding.  Only those which have been briefed will be considered.  *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

On December 10, 1974, the city of Hartford took the property and assessed damages at $88,100. The property, located in the south end of Hartford, comprised an area of 27,102 square feet and had a frontage on Maple Avenue of ninety-six feet.  At

the time of the taking two buildings, each containing six apartments (cold-water flats), and a three-car garage were located on the property. The property was located in an RO-1 zone which permitted multi-family and commercial uses, was within walking distance of Hartford Hospital and the Institute of Living, was serviced by all utilities, and had schools and churches in the vicinity.

In its memorandum of decision the trial court stated that the plaintiffs had purchased the property in 1972. In their draft finding the plaintiffs requested the court to find that the property had been purchased for $86,000 in 1966. In its finding the court found that the property was purchased for $86,000 in 1968. On appeal, the plaintiffs claim that the finding as to the purchase date is not supported by the evidence, and that "[t]he court's valuation [of the property] cannot stand in the light of its mistaken belief that the plaintiffs purchased the subject premises after 1966."

In considering this claim, we first observe that because a memorandum of decision establishes no facts and does not take the place of a finding, *Wagner* v. *Zoning Board of Appeals,* 153 Conn. 713, 714, 216 A.2d 182, error cannot be predicated on a fact expressed in a memorandum of decision, except in the rare situation where it is made part of the finding. *Derby* v. *DiYanno,* 142 Conn. 708, 714, 118 A.2d 308; *Coleman* v. *Bent,* 100 Conn. 527, 529, 124 A. 224; Maltbie, Conn. App. Proc. § 152. Where a conflict exists between a memorandum of decision and a finding, the cause is to be decided upon the facts found, rather than upon those appearing in the memorandum of decision. *Stults* v. *Palmer,* 141 Conn. 709, 711, 109 A.2d 592; *Turner*

v. *Connecticut Co.,* 91 Conn. 692, 696, 101 A. 88. The memorandum of decision was not made a part of the finding in this case.

The question remains whether there was evidence to support the finding that the purchase occurred in 1968. The validity of a finding is tested by the evidence printed in the appendices to the briefs. *Morningside Assn.* v. *Morningside Development, Inc.,* 172 Conn. 60, 63, 372 A.2d 141; *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 459, 226 A.2d 656; Practice Book § 628Q. The appendix to the defendant's brief reveals that the plaintiffs' counsel stated to the court that his clients had purchased the property for "[e]ighty-six thousand dollars, for the record, and in 1968, your Honor." In light of that admission, it cannot be said that the finding was made without evidence.

The plaintiffs next challenge the court's conclusion that the land at the time of taking had a fair market value of $3.25 per square foot, for a total value of $88,100. They claim that conclusion is "unconscionable" in view of their appraisers' valuation of the property at $162,000 and $165,300.

The court's conclusions are tested by the finding. *Ross* v. *Ross,* 172 Conn. 269, 275, 374 A.2d 185; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645; *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions reached must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Ross* v. *Ross,* supra; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

The court made the following findings of facts:[1] The buildings on the property had no value, their age made a cost basis of valuation inapplicable, and there was insufficient net income to justify an income basis of valuation. All the witnesses agreed that the value lay in the land alone. The cost of demolishing the buildings was $3000. At the time of the taking there was no demand for either dwelling space or office space in the area. Although the area had once been populated by family groups, including some prominent residents of the city, deterioration of the area began about the year 1932. At the time of taking the area was run-down, was in transition, and was described as a high crime area. The property had a value as land for future use when market conditions warranted it. One appraiser considered the highest and best use of the property to be for multifamily dwellings and valued the land at $88,100. Another witness considered its highest and best use to be for higher commercial use when market conditions warranted it, and valued the land at $88,000. The finding also discloses that the court viewed the land and neighborhood.

[1] The plaintiffs attack two other findings: the first relating to the credibility of certain witnesses and the second relating to the appropriate weight to be accorded the testimony as to purchases of certain properties (for the purpose of assembling them into a single large unit) as comparable sales in determining the fair market value of the plaintiffs' land. Those findings are challenged as improper and as found without evidence. The propriety of making such findings is well established: The trial court has the right to accept so much of the testimony of the experts and the recognized appraisal methods which they employed as he finds applicable; his determination is reviewable only if he misapplies, overlooks, or gives a wrong or improper effect to any test or consideration which it is his duty to regard. *Stanley Works* v. *New Britain Redevelopment Agency,* 155 Conn. 86, 99, 230 A.2d 9. We conclude that the testimony printed in the appendices adequately supports the findings as to comparable sales. Moreover, it is the right of the trier to pass on credibility and the weight to be accorded to testimony.

In a condemnation proceeding, the trial court is more than a trier of the facts or an arbiter of differing opinions of witnesses. "He is charged by the General Statutes and the decisions of this court with the duty of making an independent determination of value and fair compensation in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises." *Bowen* v. *Ives,* 171 Conn. 231, 239, 368 A.2d 82, quoting from *Birnbaum* v. *Ives,* 163 Conn. 12, 20, 301 A.2d 262.

We conclude that the finding adequately supports the court's conclusion that the appeal should be dismissed.

There is no error.

In this opinion the other judges concurred.