The plaintiff brought this action seeking to recover the balance of $5850 due under a contract for the construction of a warehouse annex at 1503 Boston Post Road, Milford. The defendant denied that there were any sums due, contending that the plaintiff had failed to carry out the terms of the contract.
The court found that on February 26, 1973, the parties signed an agreement whereby the plaintiff was to erect a warehouse for the defendant in accordance with certain drawings supplied by the defendant. the defendant was to pay the plaintiff $23,500.
The drawings called for a five inch concrete slab floor reinforced by a layer of five inch by five inch no. 10 wire mesh. The defendant complained that the finished floor was not the required thickness throughout and was incorrectly pitched so that water drained into the storage and sales area of its existing building instead of towards the garage door opening. The plaintiff conceded that the floor was not uniformly five inches thick, but contended that it was thicker at one end and thinner at the other to accommodate a last minute request that the floor be pitched, which was ordered by the defendant's agent, John Mancinelli.
The plaintiff introduced a second contract dated July 2, 1973, signed by the plaintiff and individually by the defendant's president, Daniel Castagna. Among other things, this contract addressed the dispute over the floor in the new warehouse annex. The trial referee admitted the second contract for the limited purpose of considering the "evidence it may provide with respect as to whether anything was due under the first contract . . . ." *Page 602 
The second contract provided for correcting the floor's pitch by the placement of a concrete topping over the existing floor. The contract price was $6365. It comprised three items and included the statement: "Total amount due on contract dated 2-26-73 . . . [$]5,850.00." A further term of the contract provided that "[w]ork completed in the agreement signed February 26, 1973 is fully completed and accepted and shall not become an issue for payment in this agreement dated July 2, 1973."
The trial referee accepted this disclaimer and rendered judgment for the plaintiff, stating "[t]his unequivocal and unambiguous statement clearly indicates that the plaintiff had completely performed the first contract and therefore makes the defendant liable for the balance due thereon — $5,850.00." We do not agree.
The conclusions of the court are tested by its findings. Saphir v. Neustadt, 177 Conn. 191, 198,413 A.2d 843 (1979). "The conclusions reached must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case." Laske v. Hartford,172 Conn. 515, 518, 375 A.2d 996 (1977); Ross v. Ross,172 Conn. 269, 275, 374 A.2d 185 (1977); Johnston Jewels, Ltd. v. Leonard, 156 Conn. 75, 79,239 A.2d 500 (1968).
The trial referee found the defendant liable for the balance due on the first contract based upon the "unequivocal and unambiguous statement" contained in the second contract signed by the defendant's president in his individual capacity. The defendant, however, is a corporation and was not a party to the second contract. There is neither evidence nor a finding that Daniel Castagna, the signer of the second agreement, had express or implied authority to concede, on behalf of the defendant corporation, that work on the first contract was fully completed and accepted. It is logically *Page 603 
inconsistent to hold a party liable on one agreement based on a statement contained in a second agreement to which it was not a signatory.
 There is error, the judgment is set aside and the matter is remanded for a new trial.
In this opinion BIELUCH and SPADA, Js., concurred.