KATHLEEN T. FAUGHT *v.* EDGEWOOD
CORNERS, INC.
(AC 19629)

Lavery, C. J., and Mihalakos and Zarella, Js.

Argued November 1, 2000—officially released May 1, 2001

*William F. Gallagher*, for the appellant (defendant).

*John J. Resnik*, with whom was *Emily Resnik Conn*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant, Edgewood Corners, Inc., appeals from the judgment, rendered after a trial to the court, declaring that a prescriptive easement exists in favor of the plaintiff, Kathleen T. Faught,[1] and permanently enjoining the defendant from obstructing the plaintiff's use of that easement. The defendant claims that (1) the evidence is insufficient[2] to establish that the use was adverse, open and notorious,[3] or that the use was made under a claim of right, and (2) a lis pendens and tax liens filed in connection with prior foreclosures on the defendant's property extinguished any prescriptive easement that may have existed.[4] We affirm the judgment of the trial court.

---

[1] After the presentation of evidence at a hearing on the plaintiff's request for a temporary injunction, the parties stipulated that the trial on the temporary injunction could be considered as a trial on the merits, thus enabling the court to render a final judgment on the merits of the plaintiff's claims in counts one and two of her complaint.

[2] The defendant initially claimed that the trial court applied an improper standard of proof in concluding that a prescriptive easement existed. Counsel for the defendant withdrew this claim at oral argument.

[3] General Statutes § 47-37 provides: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years."

[4] General Statutes § 52-325 (a) provides in relevant part: "[A] notice of lis pendens . . . shall, from the time of its recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action; and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter

In its memorandum of decision, the court set forth the following facts and procedural history. In November, 1998, the plaintiff filed an action seeking a temporary and permanent injunction, as well as a declaratory judgment, regarding a claimed easement over adjoining land. The defendant, the owner of the adjoining land, opposed such relief.

The plaintiff owns property located at 372 and 374 Whalley Avenue in New Haven. The defendant owns the adjacent property at 376-386 Whalley Avenue. In 1998, the defendant acquired title under a deed from Edgewood Elm Housing. Edgewood Elm Housing took title under a deed from the city of New Haven, and the city took title by foreclosure of tax liens. In 1988, the defendant's predecessor in title filed a notice of prevention of acquisition of an easement on the land records.[5]

The defendant's property includes a building that fronts Whalley Avenue. Behind the building, the defendant's property also includes a large parking area that runs along Norton Street (Norton Street lot). Two curb cuts allow entry from Norton Street into the Norton Street lot. The easement in question is a right-of-way from the first curb cut on Norton Street that runs straight back to a parking area directly behind the 374 Whalley Avenue building.

The history of the properties is instructive. In 1979, the plaintiff began living at 374 Whalley Avenue. Prior

---

obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action. . . ."

[5] General Statutes § 47-38 provides: "The owner of land over which a right-of-way or other easement is claimed or used may give notice in writing, to the person claiming or using the privilege, of his intention to dispute the right-of-way or other easement and to prevent the other party from acquiring the right; and the notice, being served and recorded as provided in sections 47-39 and 47-40, shall be deemed an interruption of the use and shall prevent the acquiring of a right thereto by the continuance of the use for any length of time thereafter."

owners Max Greenberg and Yale Greenberg sold 374 Whalley Avenue to the plaintiff in 1984, and 372 Whalley Avenue in 1998. The Greenbergs' father owned 374 Whalley Avenue and operated a tailor shop in the building since before World War II. Shortly after the war, the Greenberg brothers bought 372 Whalley Avenue and ran a juvenile furniture store in the building until 1997.

Behind 374 Whalley Avenue, there is room to park several cars. During the entire time that the Greenbergs' father owned and operated the tailor shop, he used the area behind the building to park cars. The Greenberg brothers also drove across the lot and parked in the space behind 374 Whalley Avenue when they owned and operated their furniture store. In addition, while the plaintiff was a tenant at 374 Whalley Avenue and before she bought the building, she and the other tenants routinely drove across the Norton Street lot and parked their cars in the spaces behind the building. The Greenbergs charged tenants a sum in addition to the rent to park there.

The issue in question arises because the only way to get to the parking area behind 374 Whalley Avenue is to drive through the Norton Street lot, which the defendant owns. In November, 1998, the defendant began to build an eight foot fence around the Norton Street lot to prevent the plaintiff and her tenants from reaching the parking area behind her building, and the plaintiff commenced the underlying action. The plaintiff sought both permanent and temporary injunctions, and a declaratory judgment to the effect that a prescriptive easement exists across the defendant's property. The court granted the temporary injunction and directed the parties to make further proposals for the court's approval regarding notice to encumbrancers. The court subsequently rendered a final judgment declaring the existence of the easement and permanently enjoining the defendant from interfering with the plaintiff's use

of that easement. The defendant appealed from that judgment.

I

The defendant claims that the plaintiff did not establish an easement by prescription over its property. Specifically, the defendant's claim is that the evidence is insufficient to establish that the use was adverse, open and notorious. "Whether a right-of-way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered." *Klein* v. *DeRosa*, 137 Conn. 586, 589, 79 A.2d 773 (1951). When the factual basis of the court's decision is challenged, the reviewing court must determine whether the facts are supported by the evidence or whether they are clearly erroneous. *McNeil* v. *Riccio*, 45 Conn. App. 466, 472, 696 A.2d 1050 (1997). We conclude that there was sufficient evidence to find that the plaintiff has a right-of-way by prescriptive easement to use the Norton Street lot.

The well established statutory elements necessary to establish an easement by prescription are that the use is "(1) open and visible, (2) continuous and uninterrupted for fifteen years, and (3) engaged in under a claim of right." *Zavisza* v. *Hastings*, 143 Conn. 40, 45, 118 A.2d 902 (1955); see also *Westchester* v. *Greenwich*, 227 Conn. 495, 501, 629 A.2d 1084 (1993). "A prescriptive easement must be proved by a fair preponderance of the evidence." *Simonds* v. *Shaw*, 44 Conn. App. 683, 687, 691 A.2d 1102 (1997).

The Greenbergs and their tenants used the easement across the Norton Street lot for over fifty years. The Greenberg brothers parked their cars in the parking spaces behind 374 Whalley Avenue six days a week for over fifty years while they operated a business in the building. The evidence presented established that the

use of the easement has been continuous since World War II and that the prescriptive easement was established long before the plaintiff purchased 374 Whalley Avenue in 1984.

In addition, there is no question that the use was open and visible. The Norton Street lot is an open lot, and the path from the curb cut to the parking spaces behind 374 Whalley Avenue is plainly visible. Both the Greenbergs and the plaintiff testified that they openly drove from Norton Street to the parking spaces behind 374 Whalley Avenue for many years. Given the layout of the property, it would be impossible to get from the street to the parking area without detection.

The defendant also argues that the use was not open and visible because the right-of-way over the paved parking lot was not a clearly delineated path and, thus, the defendant did not have sufficient notice that the plaintiff was using its property under a claim of right.[6] We disagree.

For more than fifty years, the plaintiff and her predecessors in title had absolute access to the parking area behind 374 Whalley Avenue from the first curb cut set back 112 feet from the intersection of Whalley Avenue and Norton Street in a straight line to the parking area. Indeed, the plaintiff and her predecessors have turned off Norton Street at the first curb cut to drive across the lot to access the parking spaces for over fifty years without interruption. The evidence showing that the only route to the parking lot behind 374 was across the defendant's parking lot, together with the evidence

---

[6] "[T]he requirement that the [use] must be exercised under a claim of right does not necessitate proof of a claim actually made and brought to the attention of the owner of the fee. It means nothing more than a user 'as of right,' that is without the recognition of the right of the landowner, and that phraseology more accurately describes it than to say that it must be 'under a claim of right.' 2 Tiffany on Real Property (2d Ed.) p. 2050." *Phillips* v. *Bonadies*, 105 Conn. 722, 726, 136 A. 684 (1927).

showing that cars have been parked behind 374 Whalley Avenue during all of this time, provided a sufficient basis for the court's conclusion that the defendant had notice of the use.

## II

The defendant next claims that the plaintiff's use was not made under a claim of right. We disagree. A use made under a claim of right is a use made "without recognition of the rights of the owner of the servient tenement." *Zavisza* v. *Hastings,* supra, 143 Conn. 46. "The use must occur without license or permission and must be unaccompanied by a recognition of [the right of the owner of the servient tenement] to stop such use. . . . The claim of right requirement serves to ensure that permissive uses will not ripen into easements by prescription by requiring that the disputed use be adverse to the rights of the owner of the servient tenement." (Citation omitted; internal quotation marks omitted.) *Crandall* v. *Gould,* 244 Conn. 583, 590–91, 711 A.2d 682 (1998). "Whether the requirements for [a claim of] right have been met in a particular case presents a question of fact for the trier of facts. . . . The trier's determination of facts will be disturbed only when those findings are clearly erroneous." (Citations omitted; internal quotation marks omitted.) *DiSorbo* v. *Grand Associates One Ltd. Partnership,* 8 Conn. App. 203, 206, 512 A.2d 940 (1986).

The use of the lot by the plaintiff and her predecessors was not permissive and was made without any recognition of the defendant's rights to prevent it. The Greenbergs never asked for permission to cross the Norton Street lot to access the parking spaces on their property. In addition, no one ever gave the Greenberg family permission to use the Norton Street lot to access their parking area. A former owner of the Norton Street lot testified that he knew that the owners of the adjoin-

ing property were driving across his property to reach their own. The former owner also acknowledged that he never gave permission to cut across his lot to access the parking area behind 374 Whalley Avenue.

The actions of defendant's predecessor in title provide further proof that the plaintiff and the Greenbergs acted under a claim of right. In 1988, the defendant's predecessor in title served on the plaintiff and filed on the land records a notice of prevention of acquisition of easement. Filing the notice of prevention of acquisition of easement is evidence that at least one of the defendant's predecessors in title did not give permission to use the lot to access the parking area behind 374 Whalley Avenue.[7] In addition, the defendant's predecessor in title did not serve this notice on the Greenbergs, who still owned 372 at that time and continued to use the lot to access the parking area behind 374 until 1997, when they closed their business.[8] Therefore, on the basis of the facts set forth at trial, we find that the use of the Norton Street lot met the standard for use under a claim of right. We, thus, conclude that the court's finding that the plaintiff's use was made under a claim of right was not clearly erroneous. In addition, we conclude that there was more than sufficient evidence to support the court's factual determinations and that it properly concluded that an easement by prescription existed granting the plaintiffs a right-of-way over the parking lot on the defendant's property. Accordingly, we affirm the judgment of the trial court.

### III

The defendant's final claim is that a lis pendens and tax liens filed in connection with prior foreclosures

[7] Regardless of the intent of the defendant's predecessor in title when it recorded the notice of prevention of acquisition of easement, the prescriptive easement had been perfected long before 1988.

[8] The statute requires recording, as well as serving notice on the individual claiming or using the privilege. See footnote 5.

extinguished any prescriptive easement that arose in the forty years of continuous, adverse, open and notorious use. Although we conclude that the court correctly found that, as a matter of law, the 1991 lis pendens did not extinguish the plaintiff's prescriptive easement, we affirm the judgment on the additional ground that a tax lien does not extinguish a vested prescriptive easement.

A

The issue of whether the easement had been extinguished either by the filing of the lis pendens or by the judgment in the tax lien foreclosure action is a question of law. Where a question of law is presented, our review is plenary. See *Berty* v. *Gorelick*, 59 Conn. App. 62, 66, 756 A.2d 856, cert. denied, 254 Conn. 933, 761 A.2d 751 (2000). The court stated in its memorandum of decision that "the 1991 lis pendens [did not have] any effect in extinguishing the plaintiff's claim of right. Although the defendant correctly cites the general principle of law that title deriving from foreclosures will be held superior to title derived from unrecorded interests . . . the plaintiff was never made a party to the foreclosure actions nor was she served any notice of them. The easement arose long before the foreclosure actions were instituted. The easement was then transferred to the plaintiff by the deeds which conveyed the property with the appurtenances thereof . . . ."

The property currently owned by the defendant was foreclosed on in the early 1990s. In 1990, notices of lites pendentes and certificates of foreclosure were recorded. The plaintiff was not named in any of those documents, nor were any of her predecessors in title. The lis pendens statute, General Statutes § 52-325, does not affect prior interests. Section 52-325 provides in relevant part that "[s]uch notice shall, from the time of the recording only, be notice to any person thereafter acquiring any interest in such property of the pendency of the action . . . ." General Statutes § 52-325. The stat-

ute speaks prospectively. See *Kukanskis* v. *Griffith*, 180 Conn. 501, 507, 430 A.2d 21 (1980).

Here, the prescriptive easement was acquired before the foreclosure actions had commenced. The Greenbergs acquired the easement long before the sale to the plaintiff and conveyed their interest therein to the plaintiff when they sold the property to her. Furthermore, the filing of a notice of prevention of acquisition of easement on the land records by the defendant's predecessor in title served as notice of the plaintiff's easement claim. Because the plaintiff did not receive notice, nor was she named or served in the foreclosure actions, her interest could not be extinguished.[9] We conclude that it was reasonable for the court to determine that the lis pendens did not extinguish the plaintiff's interest in the easement by prescription.

## B

The defendant also claims that the tax lien foreclosure extinguished the prescriptive easement that arose when the Greenbergs owned the property. We disagree. The effect of a tax lien foreclosure on vested adverse possession and prescriptive easement rights is an issue of first impression in Connecticut. The easement here was appurtenant to the plaintiff's land (the dominant

---

[9] Cf. General Statutes § 49-30. Section 49-30 provides: "When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in or holding an encumbrance on such real estate subsequent or subordinate to such mortgage or lien has been omitted or has not been foreclosed of such interest or encumbrance because of improper service of process or for any other reason, all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission or defect had occurred and shall not retain any equity or right to redeem such foreclosed real estate. Such omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title."

estate) and it burdened the defendant's land (the servient estate). We conclude that the burden of an easement appurtenant runs to all subsequent owners, including persons who obtain title through tax lien foreclosure proceedings.[10]

Appurtenant easements benefit land rather than a particular individual and run with the land. "Rights of access are, by nature, easements appurtenant to the land. [A]n easement appurtenant . . . attaches to the land and every part of it. . . . An easement appurtenant lives with the land. It is a parasite which cannot exist without a particular parcel of realty. An appurtenant easement is incapable of existence separate and apart from the particular land to which it is annexed. . . . An appurtenant easement cannot be conveyed by the party entitled to it separate from the land to which it is appurtenant. . . . Further, because of the incorporeal nature of an easement appurtenant, its owner cannot be disseized or otherwise ousted of it; he can only be disturbed or obstructed in its enjoyment." (Citations omitted; internal quotation marks omitted.) *Harkins* v. *Girouard Estates, Inc.*, 31 Conn. App. 485, 495, 625 A.2d 1388, cert. denied, 227 Conn. 906, 632 A.2d 691 (1993).

The defendant claims that title conveyed in a tax lien foreclosure is not encumbered with easements appurtenant. General Statutes § 12-159 provides in relevant part: "Any deed, or the certified copy of the record of any deed, purporting to be executed by a tax collector . . . shall be prima facie evidence of a valid title in the

---

[10] The only possible exception would be in the context of eminent domain. If the easement was incompatible with a public use and it was not extinguished, the public use would be thwarted. Nevertheless, it should be noted that an easement does not automatically survive a taking; an easement survives an eminent domain proceeding if it does not impair the public use to which the servient estate will be put. See *Hartford National Bank & Trust Co.* v. *Redevelopment Agency*, 164 Conn. 337, 343, 321 A. 2d 469 (1973), citing 26 Am. Jur 2d, Eminent Domain, § 174.

grantee to the premises . . . ." On the basis of this principle, the defendant reasons that title conveyed pursuant to a tax lien foreclosure is obtained unencumbered by a prescriptive easement. Our legislature, however, in the context of a tax sale, has evidenced that an easement appurtenant does not fall within the general category of encumbrances extinguished by the sale. Section 12-159 further provides in relevant part that title conveyed in a tax sale is "encumbered only by the lien of taxes . . . easements and similar interests appurtenant to other properties not thereby conveyed . . . ." General Statutes § 12-159. Although this statutory language is not dispositive of this issue because it pertains to nonjudicial tax sales rather than tax lien foreclosures, it, nevertheless, reflects legislative support for the principle that easements appurtenant run with the land and are not extinguished when title is conveyed pursuant to a tax lien foreclosure.

"[A]n appurtenant benefit or burden [generally] runs to all subsequent owners and possessors of the benefitted and burdened property, including a lessee, life tenant, adverse possessor, and person who acquires title through a lien-foreclosure proceeding . . . . ." (Internal quotation marks omitted.) *Il Giardino, LLC* v. *Belle Haven Land Co.*, 254 Conn. 502, 520, 757 A.2d 1103 (2000).[11] A subsequent purchaser can acquire only what the prior owner possessed regardless of whether those interests were recorded or unrecorded. See, e.g., *Russakoff* v. *Scruggs*, 241 Va. 135, 400 S.E.2d 529 (1991) (purchaser of lake at tax foreclosure sale took subject to easement by implication held by adjoining landowners for use of lake). Obtaining unencumbered title following

[11] Our Supreme Court stated further that "[i]t is . . . reasonable to assume that the parties who create servitudes intend that the benefits of appurtenant easements, profits, and restrictive covenants run to all subsequent possessors of the property." (Internal quotation marks omitted.) *Il Giardino, LLC* v. *Belle Haven Land Co.*, supra, 254 Conn. 520, quoting 2 Restatement (Third) § 5.2, comment (a), p. 16.

a tax lien foreclosure, therefore, does not extinguish burdens running with the land. In this case, we conclude that the defendant acquired property subject to a prescriptive easement in favor of the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.