[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Carlos A. Mouta, seeks a temporary injunction against the defendant, TJL Ventures, LLC (substituted for TS Investments, Ltd.), constructing a fence which would bar entry to the driveway used by the plaintiff to gain access to parking in the rear of plaintiff's building at 28 Gillett Street. The defendant seeks a temporary injunction enjoining Carlos Mouta, his tenants, agents, boarders, lessees, invitees, representatives, guests and employees from entering upon the property of TJL Ventures, LLC commonly known as 312-318 Farmington Avenue, Hartford, Connecticut.
The plaintiff acquired title from 28 Gillett Street H, LLC on July 8, 1998. 28 Gillett Street H, LLC foreclosed out Laurence I. Cohen and Serenie B. Cohen's interest in the premises, which interest was acquired on October 3, 1988 from James F. Carini, Margaret M Carini and Ralph J. Carini. James F. Carini, Margaret M. Carini and Ralph J. Carini acquired title from James Carini and Margaret M. Carini on July 15, 1985. James Carini and Margaret M. Carini first acquired title on April 1, 1966.
The Carini's ran a group home for mentally retarded adults from the time they bought the property. There were twelve adults in all. They had 24 hour supervision given them by the Carinis who lived on the premises. Before Ralph Carini, their son, acquired the ownership interest in the property, he had for a couple of years before been the administrator for the group home. During this time as administrator he visited the property several times a week. When he did he parked in the rear using the driveway of the adjoining property on Farmington Avenue (the Farmington Property) to gain access to the rear. Ralph Carini's earliest recollection of visiting the property was that he was there in 1968 and parked in the rear using that driveway to gain access. He could not testify as to what arrangement if any his parents had as to use of the Farmington Property driveway to get to the rear to park.
The Connecticut Association of Realtors (Association) bought the adjoining property fronting on Farmington Avenue on June 15, 1979, and operated out of the property until 1995. Edward Conran, Director of Education and later Director of Member Services worked for the Association from 1971 to 1996. The entire 11 member staff of the Association was housed at the Farmington property.
Mr. Conran was familiar with the driveway of the Farmington property and with the 28 Gillett Street property (the Gillett Property). When the Association moved into the Farmington Property they found that people in the neighborhood were using their parking lot. Notices were posted by the Association that those cars would be towed and in fact some cars were towed. CT Page 11480
Mr. and Mrs. Carini were also told by the Association that they should not park their two vehicles on the Association owned portion of the rear, the parking area which was black topped. The Carinis were also told there would be times when they would not be able to travel to the rear because the Association's own staff and trainees would be occupying their whole rear parking and blocking the driveway. The Carinis were also told that there would be times when the Carini vehicles would be blocked by cars attending Association functions. The Carinis lived within those limitations in exchange for the Associations continuing to allow them to use the driveway to get to their two parking spots in the rear.
The running of the parking lot and establishing the Association's policy about the use of the driveway and the parking lot were handled by the staff housed at the Farmington Property. The Association allowed Ralph Carini and his wife to use the driveway to access the L-shaped portion of the Gillett Property in an effort to be "a good neighbor." The Association always had the view that it could withdraw that consent at anytime. In fact, the Association installed a gate at the entry to the driveway and always knew that it could close that gate if it wanted to. Ralph Carini himself stated that if someone came into court and testified that the use of the Farmington Property driveway had been by permission of the owner of the Farmington Property, he would not contradict that testimony. Ralph Carini provided no information about whether or not the Farmington property had been used by owners of the Gillett Property prior to the Carini family's ownership of the property.
During the time that Ralph Carini's father James Carini owned the Gillett Property, he, Ralph, never interacted with the people from the Association. His father James did that. Prior to his taking an ownership interest in the property Ralph did not know the basis upon which vehicles associated with the Gillett Property used the Farmington Avenue driveway. During his ownership of the Gillett Property Ralph Carini understood he had the permission of the Association to access the rear parking area of the Gillett Property through the Farmington Avenue driveway.
During the period from 1980 to 1988 the Gillett Property served as a group home for retarded men. Laurence Cohen and his wife managed the home and served as live-in parents. There were fifteen clients on the property. The property was owned by the Carini family and James Carini was Laurence Cohen's boss.
Mr. and Mrs. Cohen always had one car and sometimes had two cars. They used the driveway of the Farmington Property to get to their parking place in the rear of the Gillett Property. It was always Mr. Cohen's understanding that he and his wife could use the driveway only because CT Page 11481 the Association of Realtors allowed them to do so.
During the time the Cohens were in the Gillett Property the Association became aware that one of them or someone connected to the Gillett Property was parking on the Farmington Property parking lot. The Association threatened to cut off access through the driveway altogether, if parking on the asphalt continued. Mr. Cohen spoke with James Carini about this matter. Mr. Carini instructed Mr. Cohen to comply with the Association's demands.
In October of 1988 the Cohens bought the Gillett Property from the Carinis. Mr. and Mrs. Cohen and their three children continued to live in the Gillett Property. They ran it as a community training home and were in charge of three clients. The Cohens were in this property until April 1998 when they walked away from the property and were foreclosed by 28 Gillett Street H, LLC. The Cohens were concerned that the area had become unsafe for their children.
The Association of Realtors took over the Farmington property in 1979. According to Mr. Cohen there was never any doubt as to who owned the Farmington Property driveway and who controlled its use. Mr. Cohen continued to believe up through and including 1995 that if the Association wanted to it could stop his use of the driveway. However, he had a good relationship with the Association. They were both good neighbors.
In 1995 the Association moved out of the Farmington Property. TS Investments, Ltd. purchased the Farmington Property in August 1995. TS ownership continued until August, 1999, when the property was purchased by TJL Ventures, LLC. Todd Lavigne is the president of TS Investments, Ltd., the defendant's predecessor in title. Todd Lavigne is the current owner of the Farmington Property and has been since August, 1999.
Prior to 2000, Todd Lavigne was aware of the Gillett Property but did not know much about it. He did not see people in or about the property. He saw a station wagon parked out at the L-shaped portion of the property and thought it was inoperable. Prior to 2000, the portion of the Gillett Property between the east side of the building on the Gillett Property and the eastern boundary was covered by a lawn, shrubs which ran along the eastern boundary and a tree. There was no parking on this portion of the Gillett Property. Parking was restricted to the end of the L-shaped portion which had gravel on it. These circumstances generally continued from August, 1995, until sometime in 2000.
Around the spring of 2000, a dumpster was parked on the parking lot of CT Page 11482 the Farmington Property. There appeared to be work going on inside the house on the Gillett Property. That work continued for one and one-half months. Shortly thereafter Lavigne noticed two people at the Gillett Property. In the Fall of 2000 Lavigne noticed more cars parking on the Farmington Property parking area and assumed more people had moved into the Gillett Property.
Lavigne put up no parking and no trespassing signs and when those were ignored started having cars towed. In response people at the Gillett Property started squeezing four to six cars into the L-shaped portion of the Gillett Property. Shrubs were cut on the Gillett Property to make room for parking. Cars parked on the lawn of the Gillett Property. At any given time there were ten to twelve cars parked in the rear of the Gillett Property. This was in stark contrast to the 1 or 2 cars parked there when the Gillett Property was occupied in the years before 1995. Lavigne had talked to the people at the Gillett Property a number of times about not parking on the Farmington Property parking area, to no avail. When a truck load of gravel was dumped on the Farmington Property parking area Lavigne called his attorney.
Lavigne was aware that the Association of Realtors had given permission to someone to utilize the driveway. Lavigne tacitly continued that permission by not preventing any use of the driveway after his company took title to the Farmington Property. Lavigne no longer wants the people from the Gillett Property to use the driveway.
The owner of the Gillett Property upon purchasing the foreclosed property made renovations to it and leased it to the Capital Region Mental Health Center which runs it as a half-way house for young adults with mental health and addiction problems. Ages range from 18 to adulthood. There have been as many as nine tenants. Staff comes in three shifts. In addition there are care givers, therapists, etc. who come in at various times of the day. All of them access the parking area using the Farmington Property driveway. Their lease commits the owner of Gillett Property to providing parking.
When the Gillett Property was purchased by the plaintiff in 1999 there was only space to park two cars. This was a small gravel area in the L-portion of the rear of the Gillett Property. As soon as the number of tenants increased in the Gillett Property the tenants began encroaching on the asphalt area in the rear which belonged to the Farmington Property. This in spite of the fact that the owner of the Farmington Property had put up "no trespassing" and "no parking" and tow signs. The owner of the Gillett Property had clearly committed himself to more parking than he had space for. CT Page 11483
With the exception of the subject property the houses on Gillett Street all access the rear of their properties by driveways cut into the Gillett Street side. The subject property does not have a driveway cut on the Gillett Street side but according to James Perry, a licensed professional engineer such a cut could be made, there being more than enough space available and owned by the plaintiff, Mouta.
The defendant claims that the plaintiff did not establish an easement by prescription over its property. "Whether a right-of-way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered (citations omitted)." Faught v.Edgewood Corners, Inc., 63 Conn. App. 164, 168 (5/1/01). "The well established statutory elements necessary to establish an easement by prescription are that the use is `(1) open and visible, (2) continuous and uninterrupted for fifteen years, and (3) engaged in under a claim of right.' (citations omitted)." Faught v. Edgewood Corners, Inc., at 168.
The only evidence put forth by the plaintiff for the period of time James and Margaret Carini owned the Gillett Property, that is for the period from 1966 thru 1985 was that of Ralph Carini to the affect that in 1968 he visited his parents at the Gillett Property and parked in the rear using the Farmington Property driveway to get there. He never spoke to his father about what if any arrangements the father had with the owner of the Farmington Property about parking and use of their driveway. He remembers his father having a good relationship with the Farmington Property owners.
When Ralph Carini acquired a property interest in the Gillett Property in 1985 the Farmington Property had changed hands. In 1979 it was purchased by the Association of Realtors who allowed the Carinis to continue to park in the rear with conditions attached. One of which was that Gillett Property residents not park on the asphalt portion but on the L-shaped portion for which the Association provided them with gravel cover. That allowed parking for two cars. The rest of the rear of the Gillett Property had shrubs alongside the rear of the house, a tree and some lawn. There was no additional parking space. Ralph considered that he had use of the driveway of the Farmington Property by permission of the owner, the Association of Realtors.
When Mr. and Mrs. Cohen purchased the Gillett Property from the Carinis the use of rear parking and access by the driveway of the Farmington Property continued in the same manner that it had with the Carinis. The same conditions applied, that is if the Association ran a training session that resulted in the driveway being blocked, the Cohens would be blocked in or blocked out. The Cohens accepted these limitations imposed CT Page 11484 on their use of the driveway.
Neither of the Carinis, father or son, or the Cohens made use of the driveway under a claim of right. "`A use made under a claim of right is a use made without recognition of the rights of the owner of the serviette tenements' (citation omitted). The use must occur without license or permission and must be unaccompanied by a recognition of [the right of the owner of the servient tenement (citation omitted). The use must occur without license or permission and must be unaccompanied by a recognition of [the right of the servient tenant] to stop such use." Faught v.Edgewood Corners, Inc., at 170. Ralph Carini stated he would not contradict court testimony that use of the Farmington Property driveway had been by permission of the owner.
Since the plaintiff only acquired ownership of the Gillett Property in 1999 he would have to show that an easement by prescription came into being prior to his ownership. On the facts found, the plaintiff has failed to establish that there has been a fifteen year continuous and uninterrupted period of use of the driveway and that it has been under a claim of right.
The thirteen year period from April 1966 when James and Margaret Carini acquired the Gillett property to June, 1979 when the Association of Realtors acquired the Farmington Property is devoid of any evidence which would point to the creation of an easement by prescription. Once the Association got ownership of the Farmington Property it was made abundantly clear that use of the Farmington Property driveway was on its terms and with its permission only. This continued to be the case until they moved out in 1995 at the same time the Cohens walked away from their Gillett property. A three to four year period followed where no. one occupied either the Gillett Property or the Farmington Property. This was a period when neighborhood people took to parking there. Had there been a prescriptive easement that ran with the Gillett Property it would have been extinguished by this period of nonuse which resulted from the abandonment of the Gillett Property when the Cohens walked away from it.
The standard for the issuance of an injunction is not the less demanding "probable cause" standard which applies to a lis pendens. "Generally, a temporary injunction will not issue unless the evidence is clear and no substantial doubt exists as to the plaintiff's rights to it." Letko-Shave Corp. v. General Shaver Corp., 19 F. Sup. 843
(D.Conn. 1937).
"The trial court, treating the motion for a stay as analogous to a motion for a temporary injunction, applied a four part test. The court determined that, in order for a stay to issue, it must determine that: CT Page 11485 (1) the plaintiff had no adequate legal remedy; (2) the plaintiff would suffer irreparable injury absent a stay; (3) the plaintiff was likely to prevail on appeal; and (4) the balance of the equities favored a stay."Waterbury Teachers Assn. v. Freedom of Information Commission,220 Conn. 441, 446 (1994). Applying this four part test to the facts found in the instant case the court concludes that the motion for summary judgment propounded by Carlos A. Mouta should be denied and that the motion for summary judgment propounded by TJL Ventures, LLC (replacing TS Investments, Ltd.) should be granted.
Carlos Mouta does not have a landlocked situation. He has the means to put a driveway on the Gillett Street side of the Gillett Property as all other owners of property on Gillett Street have done. He has committed himself to a lease in which he provides parking space which he knew he did not have and his efforts to expand parking in the rear of his property by removing shrubs, a tree and covering the area with gravel still does not prevent encroaching on the asphalt area belonging to the Farmington Property. In order to park facing the rear of the Gillett house cars have to swing over the portion of the asphalt parking area facing the Gillett Property house.
Since 1999 when use of the Gillett Property increased dramatically the owner and the tenants of the Gillett Property just about took over the rear area of the Gillett Property and Farmington Property using the driveway continuously through the day and night. Mouta kept a dumpster there for a period of months while he cleared out the property to lease it. Tenants parked on the asphalt area ignoring no trespassing and tow signs which had been put up by the Farmington Property owner. At one point a tenant threatened the tow truck operator requiring police intervention. A portable basketball hoop was routinely rolled onto the asphalt portion belonging to the Farmington Property. Finally a truckload of gravel was dumped on the asphalt area requiring the involvement of legal counsel on behalf of the Farmington Property owner.
Mouta points to the language in the deed from the Association of Realtors to TS Investments, Ltd. as the basis of his claim of right. The deed specified that the conveyance of the Farmington Property was subject to "possible rights of the owner of property at 28 Gillett Street to use the alleyway of the subject property." This language does not give Mouta any rights in the driveway. During negotiations prior to the purchase of the Farmington property, Chip Kundy, then Executive Director of the Association of Realtors, told Todd Lavigne that the Association had given permission to someone to use the driveway. At that time the Cohens were still the owners and occupants of the Gillett Property using the driveway with permission of the Association to access their two gravel covered parking spaces. CT Page 11486
Before Mouta entered into the lease providing for parking in the rear he failed to make any attempt to determine what if any rights he had to the driveway. He cannot be heard now to ask the court to balance the equities in his favor when he cared so little about the property rights of the owner of the Farmington Property as to not only increase the traffic using the driveway tenfold but summarily taking over substantial portions of the rear asphalt area belonging to the Farmington Property for parking, for dumping and for recreation.
As to suffering irreparable injury, the only thing Mouta stands to loose are his tenants if he does not provide them with the parking he committed himself to give them, parking space with access which he did not have when he entered into the lease. An option is to cut a driveway in from Gillett Street to access whatever parking space there may be.
There is no prescriptive right to use the driveway of the Farmington Property. No evidence has been presented that there has been fifteen years of uninterrupted use of the driveway by the owners or occupants of the Gillett Property. Mouta cannot possibly prevail on appeal.
The motion by plaintiff Carlos Mouta for a temporary injunction is denied.
The motion for a temporary injunction by the plaintiff/defendant TJL Ventures, LLC. is granted. Carlos A. Mouta and each of his tenants, agents, boarders, lessees, invitees, representatives, guests and employees are temporarily enjoined to desist and refrain from entering upon the property of TJL Ventures, LLC commonly known as 312-318 Farmington Avenue, Hartford, Connecticut, including the driveway/alleyway.
Hennessey, J.