JOHN M. HOFFER *v.* SWAN LAKE ASSOCIATION, INC.
(AC 21464)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Steven P. Kulas* filed a brief for the appellant (plaintiff).

*Robert J. Uskevich* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff in this action to quiet title appeals from the trial court's judgment rendered in favor of the defendant after the court found that the plaintiff did not possess a prescriptive easement across a road owned by the defendant. The plaintiff claims that the court improperly found that his past use of the area in question was by permission, rather than under a claim of right, thereby precluding a finding of a prescriptive easement. We affirm the judgment of the trial court.

The relevant facts briefly are as follows. The plaintiff, John M. Hoffer, owns contiguous lots within a subdivision in Oxford known as Swan Lake Estates. The defendant, Swan Lake Association, Inc., is the fee owner of a road, Cherokee Drive, that runs through Swan Lake Estates. In 1976, the plaintiff's predecessor in title, Elizabeth L. Hoffer, installed a water line from the premises, running beneath Cherokee Drive, to access a well on another lot within the subdivision. The Hoffers used the water line thereafter.

On December 3, 1999, the plaintiff brought an action in which he claimed that he was entitled to an easement allowing continued use of the water line, and access to the areas surrounding it for purposes of maintenance and repair. In his complaint, the plaintiff alleged that at all times since the creation of the water line, its use has been adverse, notorious, continuous and uninterrupted. The defendant disputed those allegations. After a trial, the court rendered judgment for the defendant, having concluded that the plaintiff had failed to prove all of the requisite elements of a prescriptive easement by a preponderance of the evidence. In particular, the court considered that the plaintiff had not shown that his use of the defendant's property was made under a claim of right. This appeal followed.

"Whether a right-of-way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered. *Klein* v. *DeRosa*, 137 Conn. 586, 589, 79 A.2d 773 (1951). When the factual basis of the court's decision is challenged, the reviewing court must determine whether the facts are supported by the evidence or whether they are clearly erroneous. *McNeil* v. *Riccio*, 45 Conn. App. 466, 472, 696 A.2d 1050 (1997)." (Internal quotation marks omitted.) *Faught* v. *Edgewood Corners, Inc.*, 63

Conn. App. 164, 168, 772 A.2d 1142, cert. denied, 256 Conn. 934, 776 A.2d 1150 (2001).

"The well established statutory elements necessary to establish an easement by prescription are that the use is (1) open and visible, (2) continuous and uninterrupted for fifteen years, and (3) engaged in under a claim of right. *Zavisza* v. *Hastings*, 143 Conn. 40, 45, 118 A.2d 902 (1955); see also *Westchester* v. *Greenwich*, 227 Conn. 495, 501, 629 A.2d 1084 (1993). A prescriptive easement must be proved by a fair preponderance of the evidence. *Simonds* v. *Shaw*, 44 Conn. App. 683, 687, 691 A.2d 1102 (1997)." (Internal quotation marks omitted.) *Faught* v. *Edgewood Corners, Inc.*, supra, 63 Conn. App. 168.

The plaintiff claims that the court improperly found that the third element of the test for a prescriptive easement was unsatisfied. "A use made under a claim of right is a use made without recognition of the rights of the owner of the servient tenement. *Zavisza* v. *Hastings*, supra, 143 Conn. 46. The use must occur without license or permission and must be unaccompanied by a recognition of [the right of the owner of the servient tenement] to stop such use. . . . The claim of right requirement serves to ensure that permissive uses will not ripen into easements by prescription by requiring that the disputed use be adverse to the rights of the owner of the servient tenement. . . . *Crandall* v. *Gould*, 244 Conn. 583, 590–91, 711 A.2d 682 (1998). Whether the requirements for [a claim of] right have been met in a particular case presents a question of fact for the trier of facts. . . . The trier's determination of facts will be disturbed only when those findings are clearly erroneous." (Internal quotation marks omitted.) *Faught* v. *Edgewood Corners, Inc.*, supra, 63 Conn. App. 170.

At trial, the plaintiff testified that, although he had notified three representatives of the association about

the plans to construct a water line, permission to do so never was formally granted. The court, however, also examined a 1976 letter written by Elizabeth L. Hoffer to the president of the association referencing a verbal agreement and recounting a meeting between the parties at the site of the water line at the time it was constructed, at which time the defendant's representatives agreed that construction could proceed as long as the road was returned to its original condition.

The plaintiff argues that the court should have accepted his characterization of the discussions surrounding the construction of the water line, and that Elizabeth L. Hoffer in her letter was intending to exert a claim of right rather than to acknowledge permission already given. We note, however, that "[i]t is well established that the evaluation of [witnesses'] testimony and credibility are wholly within the province of the trier of fact." (Internal quotation marks omitted.) *Greene* v. *Perry*, 62 Conn. App. 338, 342, 771 A.2d 196, cert. denied, 256 Conn. 917, 773 A.2d 943 (2001). "[I]t is the trier's exclusive province to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony." (Internal quotation marks omitted.) Id., 343. Furthermore, the question of "[i]ntent is [one] of fact, the determination of which should stand unless the conclusion drawn by the trier is an unreasonable one." (Internal quotation marks omitted.) *State* v. *Fuller*, 58 Conn. App. 567, 578, 754 A.2d 207, cert. denied, 254 Conn. 918, 759 A.2d 1026 (2000). Because the court's factual findings have a basis in the record and its conclusions are reasonable, we hold that they are not clearly erroneous.

The judgment is affirmed.