[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Nicholas Wynnick, is the owner of property located at 60 Prospect Street in Ansonia, Connecticut. The defendants, Howard and Anna Allen, are the owners of property located at 6 Moulthrop Street, which adjoins the easterly boundary line of the plaintiff's property. The plaintiff has brought this quiet title action, in one count, alleging that he owns an eight and one-half foot strip of land which runs along the common border to the properties.[1] The strip includes a grassed area, as well as a paved area which comprises a portion of the defendant's driveway. The complaint alleges that the plaintiff allowed the defendants to enter on and maintain the strip of land, but that the plaintiff still owns the land. The plaintiff seeks a judgment declaring that he is the owner of the eight and one-half foot strip and that the defendants have no interest in the land. The plaintiff also seeks to enjoin the defendants from claiming an interest in the land in the future. The defendants filed an answer, denying the allegations of the complaint. The defendants raised no special defenses and filed no counterclaims. The court heard testimony and received evidence on February 11, 2002.
"The essential elements of [a quiet title] action . . . are that the plaintiff claims title to the property and that the action is brought against such persons claiming an interest in the property that is adverse to that of the plaintiff." (Citations omitted.) Loeb v. Al-MorCorporation, 42 Conn. Sup. 279, 286, 615 A.2d 182 (1991), aff'd,224 Conn. 6, 615 A.2d 149 (1992). The plaintiff must prove its title in the disputed property by a preponderance of the evidence. RemingtonInvestments, Inc. v. National Properties, 49 Conn. App. 789, 797,716 A.2d 141 (1998). "To establish title, the party claiming title must rely on the strength of his own title, and not on the weakness of the title of another." (Citation omitted.) Mt. Maumee Partnership v. Peet,40 Conn. App. 752, 757, 673 A.2d 127, cert. denied, 237 Conn. 924, CT Page 8422 677 A.2d 947 (1996)
The court finds that the plaintiff has proven, by a preponderance of the evidence, that he has title to the strip of land in issue. The court has considered all of the testimony and evidence submitted by the parties, including the deeds submitted by plaintiff, the assessor's map and the class A-2 survey of the plaintiff's property prepared by Clarke and Pearson, Associates, Incorporated.[2] The evidence supports a finding that the disputed eight and one-half strip of land is included in the description of property as stated in the plaintiff's deed.
Every deed in the defendant's chain of title states that the defendant owns sixty feet, more or less, on Moulthrop Street. The court will not interpret the words "more or less," commonly used in boundary descriptions, to find that the defendant's property borders Moulthrop Street by an additional eight and one-half feet. To so find would increase the boundary, as stated in the defendant's deed, from sixty feet to sixty eight and one-half feet. The court notes that the use of the language, more or less, in deed descriptions is only intended to cover slight discrepancies and irregularities. See Loeb v. Al-Mor Corporation, supra, 42 Conn. Sup. 288; Russo v. Corideo, 102 Conn. 663, 129 A. 849
(1925). The terms are not intended to be used to increase unambiguous boundary dimensions.
In the complaint, the plaintiff stated that in June, 1999 the defendant, Howard Allen, threatened that he was claiming ownership of the strip of land through adverse possession. The defendants, however, never raised a claim of adverse possession by way of special defense,[3] or, more appropriately, by filing a counterclaim that they were entitled to ownership of the property through adverse possession.[4] The defendants also failed to comply with the dictates of General Statutes § 47-31
(d) which provides that "[e]ach defendant shall, in his answer, state whether or not he claims any estate or interest in, or encumbrance on, the property, or any part of it, and, if so, the nature and extent of the estate, interest or encumbrance which he claims, and he shall set out the manner in which the estate, interest or encumbrance is claimed to be derived." But see Faiola v. Faiola, 156 Conn. 12, 14, 238 A.2d 405
(1968). As the defendants have failed to raise in their pleadings, by way of answer, special defense or counterclaim, the legal basis for any estate, interest or encumbrance that they may have in the property, the court cannot find, on the basis of the pleadings, an interest on behalf of the defendants. "Once the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. . . . A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." (Citation omitted; internal quotation marks omitted.) Kelley v.Tomas, 66 Conn. App. 146, 160-61, 783 A.2d 1226 (2001).[5] Any judgment CT Page 8423 by the court granting an estate or interest in the property to the defendant in this matter would be void due to the failure of the defendant to plead, in any manner, an estate or interest.
The court notes that some of the disputed eight and one-half strip of land comprises a portion of the defendant's driveway. The court also notes that there was testimony that the defendant's use and maintenance of the property exceeded twenty years. See General Statutes § 47-37. If properly pleaded and supported by the evidence presented, the defendants may be able to sustain, by a preponderance of the evidence, an action seeking an interest in the portion of the property used as their driveway. See Kelley v. Tomas, supra, 66 Conn. App. 146; Hoffer v. SwanLake Assn., 66 Conn. App. 858, 786 A.2d 436 (2001).
 CONCLUSION
The court enters judgment for the plaintiff and finds that the plaintiff is the owner of the eight and one-half foot strip of property in dispute. The court declines to enter the order sought by the plaintiff enjoining the defendants from claiming an interest in the property in the future.
The Court
 By ___________________ Holden, J.